## CLISE v. FREEBORNE.

**Garnishment:** OF PAYEE OF PROMISSORY NOTE: PLEADING. The pendency of a garnishment proceeding against the maker of a promissory note, does not constitute matter for a plea in bar to a recovery on the note in a suit by an assignee thereof, who received it after due and after garnishment of the maker. But such a defense may be pleaded in abatement; and the issue thereon should be so submitted to the jury, that their verdict and judgment may be distinguished from those upon matter pleaded in bar. Rev. § 3124.

Clise v. Freeborne.

*Appeal from Bremer District Court.*

THURSDAY, JUNE 17.

ACTION by ordinary proceeding upon a promissory note indorsed by payee thereof, after maturity, to plaintiff; defenses, want of consideration for the note, and that defendant, before the commencement of this suit, and before the note was transferred to plaintiff, was garnished in a certain suit by other parties against the payee of the note, and was not released from the garnishment proceedings. It was shown in evidence that, prior to the commencement of this suit and before the transfer of the note by the payee, defendant had been garnished as a debtor of the payee of said note, but no judgment seemed to have been rendered in the garnishment proceeding.

Other facts were given in evidence, but their statement is not necessary for a proper understanding of the points ruled in the opinion.

The court instructed the jury to the effect that, if defendant had been garnished before the payee of the note had transferred it, they should find for defendant. Verdict for defendant. Plaintiff made his motion for a new trial, which was overruled, and judgment entered upon the verdict. Proper exceptions were taken to the instruction and rulings of the court. Plaintiff appeals.

*B. W. Poor, Wright & Stowe* for the appellant.

*J. E. Burke* for the appellee.

BECK, J.—The instruction of the court in regard to the effect of the proceeding of garnishment is erroneous. That proceeding, pleaded as a defense, was not matter in bar of plaintiff's right to recover, but in abatement only. The pendency of the garnishment proceeding did not discharge defendant from the debt. The cause of action was in no

manner affected thereby.  The object of the proceeding was to transfer the right of the payee of the note to another, and to reduce the debt to judgment in his name.  No judgment however had been rendered, and the proceeding might have terminated without a judgment.  In that case plaintiff would be entitled to recover; but the judgment rendered in this case would bar such recovery.  It is obvious, therefore, that the pendency of the garnishment proceeding ought not to constitute a defense in bar to a recovery on the note.  It seems to be a well-settled rule that such defense can only be pleaded in abatement. See Drake on Attachment, § 700 *et seq.*, and authorities cited.

It may be properly so pleaded under Rev. § 2969, and the issue upon such a defense should be put to the jury, so that their verdict and the judgment thereon may be distinguished from those rendered upon matter pleaded in bar.  Rev. § 3124.

Other objections presented in the assignment of errors are urged in the argument of plaintiff's counsel.  Their consideration is not necessary, because, for the reasons above given, the judgment of the District Court must be

Reversed.