## S. H. KELLOGG v. D. M. FREEMAN.

50  127
c71  390

50  127
75  759

50  127
e80  795

1. GARNISHMENT — WHEN JUDGMENT AGAINST GARNISHEE. — In order to condemn the debt to the satisfaction of defendant's indebtedness to his creditors, the plaintiff in attachment must sustain the writ, if controverted, and must also recover judgment for his debt, and not until there has been a recovery against defendant, can a judgment be taken against the garnishee on his answer.

2. SAME — JUDGMENT AGAINST DEFENDANT IN ATTACHMENT — EFFECT OF.— Judgment against garnishee, judicially determines that the garnishee is released from liability to his original creditor, and declared to be debtor to the attaching creditors. By such judgment the debt is transferred by operation of law, and inures to the benefit of the creditors of defendant in attachment suit. Roberts v. Barry, 42 Miss. R., 260.

3. SAME — CODE 1871, SEC. 1451. — This statute provides a remedy for a garnishee. It directs that the garnishee shall pay into court the amount of the debt, suggesting that some other person claims title to or an interest in the debt, and causes a citation to issue to such person to appear and contest with the plaintiff his right. Thereupon the court shall suspend all further proceedings. This mode of procedure is a substitute for the remedy by "interpleader" in equity.

ERROR to the Circuit Court of Yazoo County. Hon. W. B. CUNNINGHAM, Judge.

Freeman sued Kellogg and F. W. Battaile in the circuit court of Yazoo county, on a draft drawn by Battaile and accepted by Kellogg, April 7, 1871, payable to D. M. Freeman, thirty days after date, for three hundred dollars. The draft was indorsed by Freeman. The defendants pleaded the general issue. Kellogg filed an additional plea, that on the 7th of April, 1871, before the commencement of this suit, one C. M. Battaile and O. E. Hubbell and wife, had sued out an attachment against the plaintiff, returnable to the circuit court of Yazoo county, which had been executed by summoning him and Kellogg as garnishees; and that before the commencement of this suit he, as garnishee, had filed his answer to said writ of garnishment, admitting his indebtedness to said Freeman, to the amount of the draft or bill of

---

---

exchange sued on, and that said writ of attachment of C. M. Battaile and others was still pending and undetermined in said court, and that he, Kellogg, had never been discharged or released as garnishee. A demurrer was sustained to this plea, and judgment rendered, and Kellogg excepted, and brings the case here by writ of error.

*Robert Bowman*, for plaintiff in error.

If the attachment suit shall finally be decided in favor of Battaile and Hubbell, judgment will be rendered against Kellogg; for the reason that all debts, choses in action attached, shall be bound by such attachment from the date of service. Rev. Code of 1871, § 1434. The ground upon which the demurrer was sustained was, that Kellogg's remedy was by bill of interpleader. But that remedy could not apply. All the parties were before the court; and the circuit court had full jurisdiction of the whole subject matter and the parties. Rev. Code of 1871, § 1478. The bill cannot be filed except in a case where the plaintiff can be protected in no other way from unjust litigation in which he has no interest. Badeau v. Rogers, 2 Paige, 209; Bedell v. Hoffman, ib., 199; 3 Dan. Ch. Pr., 1560.

*J. A. P. Campbell*, for defendant in error,

Contended that the demurrer was properly sustained. No judgment could be rendered against the garnishee until a judgment was had against the defendant in attachment. The plea was therefore no bar to the recovery against the defendant Kellogg. If judgment was rendered against the plaintiffs in the attachment suit, after Kellogg's plea had been permitted to bar Freeman's rights, Kellogg would thereby escape liability and be released from paying the debt which he has acknowledged to be due. 42 Miss., 511; ib., 260; 14 S. & M., Mandell v. McClure, 11.

SIMRALL, J., delivered the opinion of the court:

The plea alleges that defendant had been summoned as garnishee, in an attachment suit, brought by C. M. Battaile and O. E.

Hubbell, against Freeman, and that he had answered that he was indebted to Freeman in the amount and for the identical cause sued for in this action; that he has never been discharged, but the attachment suit is still pending and undetermined. To that plea a demurrer was sustained. Does the plea contain matter sufficient to bar the recovery?

The service of the summons on Kellogg, the defendant, was the first of a series of steps necessary to transfer and appropriate the debt owing to Freeman, to his attaching creditors. In order to condemn the debt to the satisfaction of Freeman's indebtedness to his creditors, the plaintiffs in the attachment must sustain their writ, if controverted, and must also recover a judgment against Freeman, and not until there has been recovery against Freeman, can a judgment be taken against Kellogg, on his answer. If the creditors should fail to sustain their attachment, and recover against Freeman, the garnishment would be of no effect. It is the duty of the garnishee to see that these conditions precedent are complied with in order to protect himself against Freeman, his creditor. The judgment against the garnishee is the efficient thing by which the relation of creditor and debtor is dissolved between Kellogg and Freeman, and established between Kellogg and the attaching creditors. Until that judgment is pronounced, it has not been judicially determined that Kellogg is released from liability to Freeman, and declared to be debtor to the attaching creditors. By such judgment the debt is transferred by operation of law, and inures to the benefit of Freeman's creditors, and to pay them. Roberts v. Barry, 42 Miss. Rep.; Drake on Attachments, 306, § 460.

The argument in support of the plea is, that unless the defense can be made, Kellogg may be adjudged in this suit to pay Freeman, and in the attachment suit to pay Battaile and Hubbell.

The remedy for Kellogg, is provided in section 1451, code of 1871, to pay into court "the amount of the debt," suggesting that Battaile and Hubbell claim title to or an interest in the debt,

" and cause a citation to issue to them, to appear and contest with Freeman their rights. Thereupon the court shall suspend all further proceedings," * * etc.

This special statutory procedure was borrowed from equity jurisprudence. The ground of the interpleader in a court in equity is, " that the party himself claims no right in the subject matter, but he is, or may be vexed by having two legal, or other processes in the names of different persons going on against him at the same time. 2 Story Eq. Jur., § 807. Where a controversy exists between two claimants of a debt as assignor and assignee, the debtor may make them interplead to settle the point of right. Lownds v. Cornford, 18 Ves., 299 ; 2 Story's Eq., § 808. This is an accurate delineation of the dilemma in which Kellogg is involved. The statute devolves upon the circuit court, in a simple method, the jurisdiction to settle the "right" between the contestants. It was because the common law was inadequate to give complete protection against conflicting claimants, that the statute conferred the special remedy.

We think that the mere pendency of the attachment suit, and adjunct garnishment process (no final judgments against the defendants thereto having been rendered) cannot be pleaded in bar of this suit.

The judgment is therefore affirmed.