71  385
72  268
⌈71  385⌉
73   81

YAZOO & MISSISSIPPI VALLEY RAILROAD CO. *v.* J. W. FULTON.

1. ACCORD AND SATISFACTION. *Performance. Promise. Intent.*

While a promise to perform may be accepted as satisfaction of an accord, it will not be so held if the parties contemplated immediate performance, as by payment of the sum agreed. *Whitney* v. *Cook*, 53 Miss., 551.

2. SAME. *Failure to perform. Case.*

Where plaintiff agrees to accept a sum in compromise of a suit, and gives a receipt therefor as actually paid, on defendant's promise to remit, but the latter, who has been garnished in another state in respect to his debt to plaintiff, does not remit, but answers the garnishment admitting an indebtedness, for which judgment is entered, there is no satisfaction of the accord, and the right of plaintiff to recover on his original demand is not affected.

71 Miss.—25

3. GARNISHMENT.  *Judgment against garnishee.  Effect on the debt.*

A judgment against a garnishee does not operate as a transfer to the garnishing creditor of the debt owing by the garnishee; nor, until payment thereof, is it a bar to a suit against the garnishee by the defendant, his creditor.  *Kellogg* v. *Freeman,* 50 Miss., 127, criticised.

4. ACTION.  *Garnishment of defendant.  Judgment.  Stay of execution.*

A creditor may proceed to judgment against his debtor, notwithstanding the latter has been garnished in respect to the debt sued for, but, this being shown, the judgment should require execution to be stayed for the amount the defendant has been or is sought to be charged as garnishee

FROM the circuit court of Tunica county.
HON. R. W. WILLIAMSON, Judge.
The opinion sufficiently states the case.

*Mayes & Harris,* for appellant.

1. There was a complete accord and satisfaction.  Failure to pay the money resulted from a judgment against the defendant as garnishee.  The judgment must be taken as the performance of the accord.  In no event could the money have gone to the plaintiff after such garnishment.  The defendant carried out the contract in the only manner allowed by law.  *Heirn* v. *Carron,* 11 Smed. & M., 361.

2. Judgment in Tennessee against the garnishee suspended, *pro tanto,* plaintiff's right of action.  At most there should have been judgment for only the excess over eighty dollars. 20 Vt., 139; 13 Ill. App., 572.

*F. A. Montgomery, Jr.,* for appellee.

It is evident that the agreement for a compromise was to be final only upon payment of the money.  The parties contemplated performance as part of the accord and satisfaction. *Barnes* v. *Lloyd,* 1 How. (Miss.), 584; *Guion* v. *Doherty,* 43 Miss., 538; *Pulliam* v. *Taylor,* 50 *Ib.,* 251; *Whitney* v. *Cook,* 53 *Ib.,* 551; *Baum* v. *Buntyn,* 62 *Ib.,* 110; 1 Sutherland on Damages, § 432.

Cooper, J., delivered the opinion of the court.

The facts involved in this cause, chronologically stated, are as follows:

On the twenty-sixth of January, 1893, one of the trains of appellant ran over and injured a mule belonging to appellee. On the seventeenth day of March following, B. J. Semmes & Co. sued out an attachment in the proper court in the state of Tennessee against appellee on a debt of $182.40, and summoned the appellant as garnishee therein. On the day following the appellant answered, stating that it had been informed that appellee claimed damages against it for the injury to his mule, which claim was contested, but stated that it would hold, subject to the attachment, whatever sum should be found due to appellee on said claim. On the twenty-first day of April, appellee instituted suit against appellant before a justice of the peace in this state to recover damages for the injury to the mule. On the twenty-second day of April, a train of appellant killed an ox of appellee, and on the twenty-fifth day of April he sued appellant before the same justice to recover its value. On the eleventh day of May, judgments by default were rendered against appellant in these cases, and on the same day it prosecuted appeals therefrom to the circuit court.

On September 7, an agreement of compromise was entered into between appellee and the appellant, by which appellee agreed to accept eighty dollars as payment in full of the judgments recited, and to dismiss the suits at his cost. The agent of the company, representing to appellee that he would remit to him the money, procured him to sign a receipt therefor, but no money was, in fact, paid or remitted to appellee. On September 9, the appellant filed another answer as garnishee in the attachment suit of Semmes & Co. against appellee, in which it stated that "by an agreed settlement of a certain claim due J. W. Fulton by said company for stock killed, say that said company has agreed to pay him eighty dollars for said claim." On this day (September 9) the ap-

pellee was in the city of Memphis, and called on the proper officer of the company, and requested payment of the eighty dollars agreed to be paid to him by the company; but this officer, saying that he then had no voucher to pay by, requested appellee to return in an hour and he "would then see about it." Appellee returned, and found that appellant's agent had procured the attendance of an officer, who served upon appellee a summons in the attachment suit of Semmes & Co. Appellee then notified the agent of appellant that he repudiated the agreement of compromise, and would not be bound thereby. On the same day judgment was rendered in the attachment suit of Semmes & Co. against appellee in favor of the plaintiffs for the sum of $195.02 and costs of suit, and against appellant, as garnishee, for the sum of $80, admitted by its answer to be due.

In the circuit court, the two suits appealed from the justice of the peace were, by consent of parties, consolidated, and a trial of the same resulted in a verdict and judgment in favor of the plaintiff for $175, from which the defendant appeals.

No point was made in the court below, nor is any now made here, as to the right of the plaintiff to the damages awarded by the jury, unless he is precluded by the adjustment made, in which he agreed to accept $80 in full of his demand, or unless, not being bound by that agreement, his right to a present recovery is limited to the balance due on his claim, after making a deduction of the sum for which judgment has been rendered against appellant as garnishee.

It is entirely clear from the evidence that there has been no accord and satisfaction of the plaintiff's claim. That a present payment of the sum he agreed to accept was contemplated by the parties is made indisputable by the fact that the plaintiff gave a receipt for the sum as actually paid. It is true that a promise may be accepted as satisfaction of an accord, but when, as here, it is manifest that *performance* was contemplated by the parties, the mere promise to per-

form is not satisfaction. *Whitney* v. *Cook,* 53 Miss., 551; 1 Am. & Eng. Enc. of L., 94. The defendant has not paid the sum agreed to be received by the appellee, and his right to recover on the original demand was not at all affected.

The remaining question involved is as to the effect of the judgment against the garnishee in the attachment suit of Semmes & Co. against Fulton, the appellee. The action of the appellee was instituted in the justice's court, in which there are no written pleadings, and, on appeal to the circuit court, was there triable *de novo* on oral pleadings, and in such cases the pleadings are presumed to have been of such character as to warrant the introduction of any evidence appearing in the record. The defendant introduced in evidence the record of the attachment suit, and is entitled to have it considered in any light in which it should have been available to it.

There is a wide diversity of views entertained by the courts of the various States as to the effect of a judgment against a garnishee who is afterwards sued by the original creditor, the defendant in attachment or judgment. In England it is held that a judgment against the garnishee is a bar to an action upon the same debt. *McDaniel* v. *Hughes,* 3 East, 367. The courts of Florida, Indiana, Kentucky, Maine, and Massachusetts have announced the same rule. *Sessions* v. *Stevens,* 1 Florida, 233; *Covert* v. *Nelson,* 8 Blackford, 265; *King* v. *Vance,* 46 Ind., 246; *Coburn* v. *Currens,* 1 Bush, 242; *McAllister* v. *Brooks,* 22 Maine, 80; *Norris* v. *Hall,* 18 *Id.,* 332; *Perkins* v. *Parker,* 1 Mass., 117; *Hull* v. *Blake,* 13 *Id.,* 152.

In other states and in the supreme court of the United States, it is held that the judgment on pendency of garnishment proceedings may be pleaded in abatement of the plaintiff's suit. *Embur* v. *Hanna,* 5 Johns., 101; *Haselton* v. *Monroe,* 18 N. H., 598; *Ladd* v. *Jacobs,* 64 Maine, 347; *Irvine* v. *Bank,* 2 Watts & Serg., 190; *Near* v. *Mitchell,* 23 Mich., 382; *Clise* v. *Freeborne,* 27 Iowa, 280; *Brown* v. *Somerville,* 8 Md., 444; *Mattingly* v. *Boyd,* 20 How. (U. S.), 128.

In others, it has been held that, though the proceeding or judgment may not be pleaded in abatement or bar of the suit of the creditor, yet the court, in entering up judgment, would so frame the same as to protect the defendant, garnishee, in the other action from being called on to pay the same debt twice. *Meriam* v. *Rundlett*, 13 Pick., 511; *Crawford* v. *Star*, 9 Ala., 887; *Smith* v. *Blatchford*, 2 Ind., 184; *McFadden* v. *O'Donnell*, 18 Cal., 160; *Pierson* v. *McCahill*, 21 *Id.*, 122; *Shealy* v. *Toole*, 56 Ga., 210; *Hicks* v. *Gleason*, 20 Vt., 139.

The course of decision in some of the states has not, probably, been at all times consistent, and we have not attempted to discover how the respective courts now hold, for that is immaterial. The different views entertained, and the general classification of the decisions, have been deduced from a review of the text of Drake on Attachments, ch. 38, and the cases therein cited. The question has never been decided in this state, though in *Kellogg* v. *Freeman*, 50 Miss., 127, there is a dictum to the effect that by a judgment against the garnishee the debt he theretofore owed to the defendant " is transferred by operation of law," and inures to the benefit of the plaintiff in attachment. We cannot assent to the correctness of this proposition. The plaintiff in attachment, seeking merely to enforce a pecuniary demand against his debtor, does not, by the judgment against the debtor, acquire the legal title to his estate, real or personal. The judgment is but a step in the enforcement of the demand of the plaintiff, and subjects the estate of the debtor to the process of the court to pay the debt awarded. So also the garnishment of one owing the defendant a sum of money or having his effects in possession, and the judgment against the garnishee directing him to pay over the money or deliver the property to the proper officers, are but other steps in the same direction. No property in the debt due or the thing surrendered by the garnishee passes to the plaintiff by the judgment, for, if such were the case, it would discharge, *pro tanto*, the judg-

ment, which would thus be self-executing and self-ending. In truth, all that the plaintiff secures is the right to have the garnishee pay to him the debt which, before that, was due to the defendant. Payment by the garnishee is the only thing which can release him and bar the right of his creditor. The mere fact, therefore, that a judgment has been rendered against the garnishee is not available to him in bar of a suit afterwards or before instituted against him by his creditor.

But since the attaching creditor, by his judgment, has secured the right to issue execution against the garnishee, it would be inequitable to permit the defendant in attachment to secure another judgment, with the right of instant execution to collect the same debt. The debt is yet his, and he is interested in its collection, but it has been impounded under legal process, and a charge imposed which is superior in right to his. To meet the exigency and preserve as far as practicable all the rights of all the parties, a number of the courts, as will be seen by reference to the citations above made, have held that the right of action or the right of execution should be suspended until the lien of the attaching creditor is discharged. In those jurisdictions in which it is held that the right of action is suspended, the defendant may plead in abatement of the suit the pendency of the garnishment proceedings or the fact that judgment has been rendered against him therein. In those in which the right to sue is upheld, protection is afforded the defendant by suspending execution of the judgment until the defendant is relieved of liability under the judgment against him as garnishee. In most instances, the practical effect would be the same under either rule.

In view of the facts that it may sometimes be of importance to the creditor to have a judicial determination of his rights at as early a time as possible, and that the debtor cannot be injured by the mere rendition of the second judgment, we think the better rule is that the creditor may proceed to judgment, but that execution thereof should be stayed to an

amount equal to that for which the defendant is sought to be charged as garnishee in a pending suit, or for which judgment has been rendered against him.

The judgment of the court in this cause should have been for the plaintiff, but with a stay of execution as to eighty dollars, with interest from September 9, 1893—the date of the judgment against the garnishee—until the defendant should be discharged from liability thereunder. In failing to incorporate this saving in the judgment, the court below committed error, for which its judgment must be

*Reversed, but a proper judgment may be entered here.*