Wilson, J.,
delivered the opinion of the court.
This suit was instituted in a justice court, and hence there are no written pleadings. Plaintiff Vaughn was a licensed attorney at law, and as such rendered various services for and on behalf of defendant. The services were not disputed, but it seems that defendant objected to some of the charges on the ground that they were excessive. After various communications between the parties by letter and otherwise, it was agreed that the defendant should pay the sum of $100, $50.00 cash, and the remaining $50.00 within thirty days, and that plaintiff should accept this in full satisfaction of his account. The first $50.00 was paid in accordance with the contract, but the remaining fifty was not only not paid within the thirty days, but never was paid nor even tendered. Several months after the expiration of the thirty days, plaintiff commenced suit upon the original obligation, claiming a recovery of the full amount of his account for services rendered, less the payment which had been made. Judgment was rendered in his favor for the sum of $147.
Defendant insists that this judgment was erroneous on the ground that there had been an accord and satisfaction, and that plaintiff’s only right of action was upon the substituted agreement. This is the only error assigned.
At common law, accord and satisfaction was defined to be the substitution of another agreement between the parties in satisfaction of the former one, and the execution of the latter agreement. Blackstone says: “Accord is a satisfaction agreed upon between the party injuring and the party injured, which when performed is a bar to all actions upon this account.” 3 Commentaries, 15; Sieber v. Amunson, 78 Wis. 682; Bull v. Bull, 43 Conn. 455; Holton v. Noble, 83 Cal. 9. In later times, however, this definition has been modified, or rather, a broader application of the doctrine has been made by many respectable courts, and is sustained by the weight of authorily.
*386 Under the old rule, it was necessary to show performance of the substituted agreement, before the plea of accord and satisfaction could be successfully maintained. How, however, it is held that a new agreement or a new promise may in some instances be held to be a satisfaction of a prior one. In such case accord and satisfaction can be pleaded in bar of a suit upon the old contract. This is true, however, only when it appears from the evidence that the new agreement was expressly accepted as a satisfaction. If this does not appear, or if it does appear to have been the intention of the parties that performance of the new contract was a condition precedent to the satisfaction of the old one, the plea cannot be sustained. Pulliam et al. v. Taylor, 50 Miss. 257; Railway Co. v. Fulton, 71 Miss. 388.
The question as to whether the new agreement was intended to be accepted as a satisfaction by the creditor is one for the jury, or for the court, in case a jury is waived. Berdell et al. v. Bissell et al., 6 Colo. 165.
In the case at bar, the finding of the court was that the mere agreement of defendant to pay the sum of $100 in full satisfaction of the indebtedness, was not intended nor accepted as a satisfaction without performance. This finding not being manifestly against the weight of the evidence, will not be disturbed. It may be said, however, that it was sustained by, and was in full accord with the evidence. All of the testimony goes to show that the material part of the consideration which induced the plaintiff to accept the offer, was the payment of the $50.00 within thirty days. Defendant having failed in this, the new agreement failed, and plaintiff had a right to bring suit upon his original account.
The judgment will be affirmed.

Affirmed.