PENN MUTUAL LIFE INSURANCE CO. *v.* CARRIE B. GORDON.

[61 South. 311.]

1. INSURANCE. *Contracts. Construction. Benefits and conditions.*

The controlling purpose in the construction of all contracts should be to find the intention of the parties. To this end it is necessary to inspect the whole instrument. It will not do to limit the consideration to one part of a writing, isolated from the other parts. The true intention can only be gathered from all of the words, all of the clauses, and all that may be shown by the entire paper.

2. SAME.

Where the instrument evidencing the contract of insurance is upon a double sheet, consisting of four pages, and upon the first page is the writing by the insurance company, duly signed and attested by its officers, a clause, following such signature, making the policy incontestable after one year, and limiting the insurance liability to the amount of the premium paid in case of suicide within one year, relates to "benefits and conditions," and is made a part of the policy by a prior reference clause, written over the signatures, reciting that the "extended insurance, paid-up insurance, and cash surrender value privileges, benefits, and conditions, stated on the second and fourth pages hereof form a part of this policy" as much so as though recited over the signatures affixed.

3. SAME.

The clause in question is a benefit to the insured because of its provision of incontestability and is a condition by reason of limiting the liability of the company to the amount of the premium paid, when the insured takes his own life, within one year from the date of the policy.

APPEAL from the circuit court of Hinds county.

HON. W. A. HENRY Judge.

Suit by Carrie B. Gordon against the Penn Mutual Life Insurance Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Alexander & Alexander* and *Green & Green,* attorneys for appellant.

*Flowers, Alexander & Whitfield,* attorneys for appellee.

Counsel on both sides filed extended briefs too long for publication.

Argued orally by *Garner W. Green* and *James Alexander* for appellant and *J. N. Flowers* for appellee.

REED, J., delivered the opinion of the court.

This suit is for the recovery of three thousand dollars, the amount of a policy of insurance issued by the Penn

Mutual Life Insurance Company on the life of Charles M. Gordon, dated August 3, 1910, and payable unto Carrie B. Gordon, the wife of the insured. To the declaration filed by appellee there was interposed by appellant the general issue, and a special plea averring suicide, in violation of clause III of the policy. To the special plea appellee replied that the clause referred to was not a part of the policy. It appeared on the trial that the insured committed suicide on October 23, 1910. The court gave a peremptory instruction for appellee. Appellee contends that clause III, on the second page of the instrument, is not a part of the policy. It is as follows: "Incontestability. This policy and the application therefor, a copy of which is attached hereto, constituting the entire contract between the parties, shall be incontestable after one year from its date of issue, except for nonpayment of premiums; but in case of suicide, whether sane or insane, within one year from the date of this policy, the liability of the company shall be limited to the amount of the premium paid hereon."

It is the contention that the reference clause on the first page of the instrument is not sufficient to include clause III on the second page under the heading of "Incontestability," and providing that the company would not be liable beyond the amount of the premium paid if the insured committed suicide within one year from the date of the policy. This reference clause reads as follows: "The extended insurance, paid-up insurance, and cash surrender value privileges, benefits, and conditions stated on the second and fourth pages hereof form a part of this policy as fully as though recited at length over the signatures hereto affixed." Appellee claims that only the provisions on the second and fourth pages, regarding extended insurance, paid-up insurance, and cash surrender value, are included in the policy by the reference in the clause on the first page.

What is a policy of insurance? It is the instrument setting forth the contract of insurance. It is the evidence

of the agreement between the insurer and the insured. Its purpose is to show the considerations, the terms, the contract of indemnity, the privileges, the benefits, and the conditions. The usual rules for construing contracts should be applied in considering contracts of insurance. The controlling purpose in the construction of all contracts should be to find the intention of the parties. To this end it is necessary to inspect the whole instrument. It will not do to limit the consideration to one part of a writing, isolated from the other parts. The true intention can only be gathered from all of the words, all of the clauses, and all that may be shown by the entire paper.

What was the intention of the parties to this contract concerning incontestability and suicide within one year? Was it understood that these provisions, made in one clause, were to be a part of the contract of insurance? He is presumed to have known what contract he made with the company, and to have read the instrument evidencing the same, when it was delivered to him. The stipulations in question are very plainly set out on the paper, and can be easily read. The insurance was effected by Mr. Gordon making application in writing, giving his personal history as it related to his physical condition, and showed him to be a proper risk. This application was presented to and accepted by the insurance company. Thereupon the insurance company issued its policy to the applicant. Then the contract of insurance was complete.

The instrument evidencing the contract is upon a double sheet, consisting of four pages. Upon the first page is the writing by the company, duly signed and attested by its officers, stating that, in consideration of the application of Charles M. Gordon, his life was insured, and also setting out other stipulations regarding the insurance. Upon this page is the reference clause in question. Upon the second page are a number of clauses containing privileges and benefits to the insured, and conditions upon which the contract is made. The third page contains the application for insurance, and the fourth

page contains tables of automatic extended insurance and of cash surrender values. On this page is also the backing of the policy.

We note that the application for the insurance is made by reference a part of the policy. A recital to this effect is on the first page, and is also repeated on the second page. For instance, in the clause III, which is being considered herein, it is stated that this policy and the application therefor, a copy of which is attached, constitutes the entire contract between the parties. We also note that the last clause on page 4 refers to the application for the policy being attached. It will be seen that the entire instrument evidencing the contract of insurance in this case is written and set forth in a connected and logical way as one paper. In order to get the full meaning of the agreement between the parties, the contents of all the pages should be read. The stipulations on the second page include repeatedly the words "this policy." The references therein to the instrument itself go to show that the provisions are apparently meant to be parts of the policy.

Now we will consider the reference clause on the first page. Appellee contends a construction of the clause shows that the terms "benefits and conditions," stated on the second and fourth pages, are limited by the preceding words, "extended insurance, paid-up insurance, and cash surrender value." Therefore only the provisions on the other pages which relate to extended insurance, paid-up insurance, and cash surrender value should be included; and, this being so, all other provisions are excluded. Among those so excluded is the clause III on the subject of incontestability.

A complete inspection of the entire contract of insurance, as well as a careful consideration of the reference clauses, leads us to the conclusion that appellee is wrong in her contention. We believe that the proper reading of the clause will include, by its reference, not only the provisions as to extended insurance, paid-up insurance, and

cash surrender value privileges, which provisions are in a large measure tables set out in the instrument, but also include the benefits and conditions set forth in the instrument. We not only consider this the proper reading of the clause, but it seems clear to us to have been the intention of the parties in making the contract. It also seems a reasonable construction, evidencing the plain spirit of the instrument, gathered in one view from the whole. It is consistent with the apparent purposes of the contract. The clause in question is a benefit to the insured because of its provision of incontestability, and is a condition by reason of limiting the liability of the company to the amount of premium paid when the insured takes his own life within one year from the date of the policy. This condition is a reasonable one from the standpoint of public policy. It is the purpose of the state, in the administration of the laws through the courts, as well as in every other way, to discourage the unfortunate practice of self-destruction. We construe clause III to be a part of the policy of insurance in this case.

The trial court erred in giving the peremptory instruction. The case is reversed and remanded.

*Reversed and remanded.*