DELTAINS & REALTY CO. *et al. v.* FOURTH NAT. BANK OF
MONTGOMERY.

[89 South. 817.   No. 21656.]

INTERPLEADER.   *Complainant attaching note held not entitled to be summoned
in law action by note holder against maker.*

Where the maker of a note payable to a nonresident is joined as a co-
defendant with the nonresident in an attachment in chancery where-
in the complainant seeks to subject the amount due by the maker of
the note to the nonresident payee therein to the payment of a debt due
the complainant by the nonresident, and the maker of the note is af-
terwards, and while the attachment in chancery is pending, sued in
the circuit court on the note by the holder thereof, the complainant
in the chancery suit has no such claim to the subject of the action
at law as will authorize his being summoned at the instance of the
defendant therein under the provisions of section 772, Code of 1906,
Hemingway's Code, section 555, to contest with the plaintiff his right
to the relief sought in the chancery suit.

APPEAL from circuit court of Leflore county.

HON. S. F. DAVIS, Judge.

Two suits by the Fourth National Bank of Montgomery
against the Delta Insurance & Realty Company and Shelby
S. Steele on notes.   The actions were consolidated and
Gwin & Mounger were made defendants.   Judgment en-
tered against the defendants without stay of execution,
and the defendants appeal.   Reversed, and judgment en-
tered.

*B. L. Gwin, B. L. Mayes* and *W. G. Green,* for appellants.

In the first part of its brief, appellee calls attention to
the fact that there was never any plea in abatement filed
in said cause by appellants Delta Insurance and Realty
Agency and Shelby S. Steele, who are the garnishees in the
suit pending in the chancery court of Leflore county, Miss-
issippi, and further on, asks the question: "Why did not

the appellants, The Delta Insurance and Realty Agency and Shelby S. Steele, plead in abatement in this case, the pending suit in the chancery court?"

Counsel for appellee evidently had not read the case of *Y. & M. V. R. R. Co.* v. *Fulton,* 71 Miss. 385, cited and relied on by appellants, The Delta Insurance and Realty Agency, and Shelby S. Steele for a correction and modification of the judgment rendered against them in the circuit court, so as to provide for the stay of execution, for the court therein specifically held that the garnishment proceedings therein against defendant, the Y. & M. V. R. R. Co., could not be pleaded in abatement or bar of the suit of the creditor by defendant, but that the creditor should be allowed to proceed to judgment and the court in entering the judgment, should so frame the same as to protect the garnishee by providing for a stay of execution to an amount equal to that for which the defendant-garnishee was sought to be charged in the pending suit.

A plea in abatement by appellants The Delta Insurance and Realty Agency and Shelby S. Steele therefore, was not only necessary, but would have been improper and would very properly have been overruled by the circuit court, had it been interposed by said appellants.

Upon the failure of the circuit court to incorporate the saving clause in its judgment against them so as to provide for the stay of execution, appellants, The Delta Insurance and Realty Agency and Shelby S. Steele proceeded then in the only manner allowed them by the decision of the court in the case of *Y. & M. V. R. R.* v. *Fulton, supra,* in asking the court to modify and correct the judgment rendered against them so as to provide for the stay of execution.

Appellee bodily asserts, however, that the case of *Y. & M. V. R. R. Co.* v. *Fulton, supra,* "is not in point" for the reason that in said case, defendant was sued in Mississippi while the garnishment proceedings against it were pending in a court of Tennessee, over the same subject-matter and between the same parties. In the instant case,

the suit is over the same subject-matter and between the same parties, the only phase of which wherein it can be differentiated from the facts of the *Fulton case, supra,* is that, instead of being a case where the garnishment proceedings against defendant were pending in a Tennessee court, upon which execution on a judgment rendered by a Mississippi court, was stayed, as in the *Fulton case, supra,* this is a case of which the garnishment proceedings are pending in a court of Mississippi, of concurrent statutory jurisdiction with another Mississippi court, the court in which the judgment was rendered.

On the contrary, therefore, the case cited is even more strongly in point, for if a Mississippi court erred in failing to incorporate in its judgment, a stay of execution until the defendant-garnishee should be discharged from liability under garnishment proceedings pending against him in a court of the state of Tennessee, then surely the circuit court of Leflore county erred in failing to incorporate in its judgment against appellants, The Delta Insurance and Realty Agency and Shelby S. Steele, a stay of execution until appellants should discharge from liability under the garnishment proceedings pending against them in the chancery court of Leflore county, Mississippi, which is not only a court of the same state, but a concurrent jurisdiction with said circuit court.

The numerous cases cited by appellee in support of its contention that it was the *bona-fide* holder, in due course, before maturity, for the three notes sued on herein, are not in point for the reason that they are mostly cases in which the notes are bearer notes and only the rights of the respective and successive holders are involved, and we respectfully submit that any presumption that might arise in favor of one party to a note as against another party to the note, as to the time of endorsement, where no such date appears in the endorsement, would not apply as against a third party, in whose favor a lien exists against the notes and the proceeds thereof by virtue of a writ of attachment and garnishment issued out of a Mississippi court of com-

petent jurisdiction, and it, therefore, was incumbent upon appellee to prove that it acquired title to the notes in question (if it had any title at all), before maturity, which it totally failed to do, and therefore had no right to maintain this suit, particularly as against appellants Gwin and Mounger.

Section 2630, Hemingway's Code, provides that: "A holder in due course is a holder who has taken the instrument under the following conditions: 1. That it is complete and regular upon its face; 2. That he became the holder of it before it was overdue, etc."

The three notes in controversy here were neither complete nor regular upon their faces, nor do the notes or the proof offered by appellee at the trial of the case, show that it became the holder before they were overdue, and we respectfully submit that appellee was without authority or right to maintain this suit on said notes against appellants Gwin & Mounge in whose favor there exists a lien against said notes and the proceeds thereof, and the judgment of the circuit court of Leflore county, in directing a verdict for appellee against appellants Gwin and Mounger, was error.

*Gardner, McBee & Gardner,* for appellee.

By referring to the pleadings in this case, it will be seen that after suit was brought by appellee against appellants, that they filed their interpleader under section 2351 of the Code of 1906, sec. 1946, of Hemingway's Code in which appellants admit liability for the notes sued on, and in their plea set up the facts, that: "Before the notes herein sued on were placed with plaintiff's attorneys for collection, the said Gwin & Mounger, etc., filed their bill of complaint in the chancery court of Leflore county, against the said Alabama Fidelity Mortgage and Bond Co., etc., alleging the indebtedness of the company to complainant in the sum of one thousand five hundred and twelve dollars and thirty-two cents." And, "That said cause in the chancery court is still pending, undisposed of, etc. That the said

Gwin & Mounger without collusion with the Delta Insurance & Realty Agency or Shelby S. Steele, have a claim to the subject of this action; and that the said defendants are ready to pay or dispose of the subject-matter of this cause, as the court may direct, etc."

By reference to this plea, it will be seen that appellants have subjected themselves to the jurisdiction of the circuit court, as authorized and directed by section 2351 and promised to pay or dispose of the subject-matter, "as the court may direct." After this plea was filed, notice was duly given and served on Messrs. Gwin & Mounger, to appear and contest with appellees, which they did, when, after a trial on the merits the contest was dismissed and judgment final entered against appellants, Delta Insurance & Realty Agency and Shelby S. Steele, for appellant.

It is true that after this judgment was entered, that the motion was made to correct the judgment, and of course, promptly overruled, by the court. To sustain such a motion would have been to prolong the litigation, and force the judgment in the circuit court to await the ultimate determination of the chancery court proceeding, in which appellee was never a party.

We therefore submit that when appellants, after having interpleaded offering to pay the judgment of the court and judgment was entered before the court, that it would be a most anomalous proceeding to now stay proceedings in the circuit court to await the indefinite determination of the suit in the chancery court.

All parties being before the court below, that is to say, the circuit court, and the rights of the parties having been determined, the court having acquired jurisdiction of the subject-matter and of all parties, we submit, there is nothing now for the chancery court to pass on and that the motion was interposed for the purpose of delay.

The case cited by counsel in 71 Miss. 385, of *Y. & M. V. R. R. Co.* v. *Fulton,* has absolutely no bearing whatever on the merits of this case. The court will note that appellants never undertook to plead in abatement in the court

below, but interpleaded and subjected themselves and contestants to the jurisdiction of the circuit court.

The case cited, *Y. & M. V. R. R. Co.* v. *Fulton,* is a case where there was a judgment in attachment on a garnishment in the Tennessee court, and also a judgment in the state court about the same subject-matter, in other words, there were two suits in different states about the same subject-matter. While it was doubtless proper that a stay should have been entered on the judgment rendered in the circuit court in that case, the facts are not at all parallel or pertinent to the facts in this case.

All parties having been summoned to appear in the circuit court and having appeared and contested, and judgment entered against appellants, then, we submit, there is nothing that appellants can complain of, because they have invited the very judgment which they might reasonably have expected, under the circumstances, in this case.

Having asked the circuit court to take jurisdiction of the subject-matter and all parties, in their plea of interpleader, they are not now, we submit, in a position to complain of the judgment rendered against them, and that the appeal from the judgment is absolutely without any merit.

SMITH, C. J., delivered the opinion of the court.

On November 7, 1918, Gwin & Mounger, a partnership composed of S. L. Gwin and E. L. Mounger and engaged in the practice of law in Greenwood, Miss., sued out an attachment in the chancery court of Leflore county against the Alabama Fidelity Mortgage & Bond Company, a corporation organized and domiciled in the state of Alabama, the Delta Insurance & Realty Agency, a corporation organized and domiciled in the state of Mississippi, and Shelby S. Steele, a resident citizen of Leflore county, Miss., alleging that the Alabama Fidelity Mortgage & Bond Company is indebted to them in the sum of one thousand five hundred and twelve dollars and thirty-two cents, and that the Delta Insurance & Realty Agency is indebted to the

Alabama Fidelity Mortgage & Bond Company in the sum of fifteen hundred dollars, evidenced by three promissory notes, each dated February 24, 1917, and payable eighteen, twenty-four, and thirty months respectively thereafter, which indebtedness to the Alabama Fidelity Mortgage & Bond Company they prayed the court to subject to the payment of the debt due them by that company. Process was served on the local defendants, and publication was made for the nonresident defendant.

On November 1, 1918, the Fourth National Bank of Montgomery, Ala., instituted an action at law against the Delta Insurance & Realty Agency and Shelby S. Steele on the note executed by them to the Alabama Fidelity Mortgage & Bond Company which became due eighteen months after its date, which note had been endorsed in blank by the payee thereon.

On July 11, 1919, the Fourth National Bank instituted a second action at law in the court below against the Delta Insurance & Realty Agency and Shelby S. Steele on the two remaining notes executed by them to the Alabama Fidelity Mortgage & Bond Company which had then become due and which were also endorsed in blank by the payee therein.

In January, 1918, the Delta Insurance & Realty Agency and Shelby S. Steele filed in the court below an affidavit setting forth the pendency of the suit in the chancery court against them by Gwin & Mounger, and "that the said Gwin & Mounger without collusion with the Delta Insurance & Realty Agency or Shelby S. Steele have a claim to the subject of this action, and that the said defendants are ready to pay or dispose of the subject-matter in this case as the court may direct." Whereupon, pursuant to an order of the court entered to that effect, Gwin & Mounger were summoned "to appear and contest with the plaintiff the right to such debt sued for in this cause."

On November 10, 1919, Gwin & Mounger filed a supplemental bill in the chancery court alleging that since the filing of their original bill against the Alabama Fidelity

Mortgage & Bond Company, the Delta Insurance & Realty Company, and Shelby S. Steele, they had learned that the Fourth National Bank of Montgomery, Ala., claimed to own the promissory notes executed by the Delta Insurance & Realty Agency and Shelby S. Steele to the Alabama Fidelity Mortgage & Bond Company, and prayed that the bank be made a party defendant by publication. Afterwards Gwin & Mounger, pursuant to the notice so to do, appeared in the court below and filed a written statement of their claim against the Alabama Fidelity Mortgage & Bond Company for legal services rendered, setting forth the execution to that company of the three promissory notes here sued on and the suit instituted by them in the chancery court for the purpose of subjecting the same to the debt due them by the Alabama Fidelity Mortgage & Bond Company, and, further, that the Fourth National Bank of Montgomery was neither the owner nor the holder of the notes and therefore was without right to sue thereon.

In January, 1920, Gwin & Mounger filed a petition in the court below praying that the cause be removed to the chancery court, which petition was by the court overruled. The two suits on the promissory notes were then consolidated and the trial proceeded with Gwin & Mounger as defendants therein, resulting in a judgment for the plaintiff, the Fourth National Bank of Montgomery. The Delta Insurance & Realty Agency and Shelby S. Steele requested the court in writing to incorporate in the judgment against them a stay of execution until the suit pending against them in the chancery court should be disposed of, which motion was overruled and a judgment against them on the promissory notes without a stay of execution was entered. From this Gwin & Mounger, the Delta Insurance & Realty Agency, and Shelby S. Steele appealed to this court.

Gwin & Mounger were wrongly brought into the court in the court below for the reason that they have no "claim to the subject of the action" as required by section 772, Code of 1906, Hemingway's Code, section 555. They have no sort of claim to the ownership of the promissory notes

sued on, and any right they may have to collect them will depend on their prosecuting to a successful conclusion the suit begun by them in the chancery court for that purpose. The court below, therefore, not only committed no error in not transferring the cause over the objection of the plaintiffs therein to the chancery court, but should have gone further and of its own motion dismissed as to Gwin & Mounger without prejudice to their right to continue the prosecution of the suit begun by them in the chancery court.

The motion of the Delta Insurance & Realty Agency and Shelby S. Steele for a stay of execution until they should be discharged from liability because of the suit pending against them in the chancery court should have been sustained, reserving to the court below the power to vacate the stay of execution in event the suit in the chancery court should not be prosecuted with reasonable diligence. *Y. & M. V. R. Co.* v. *Fulton,* 71 Miss. 385, 14 So. 271.

The judgment of the court below will be reversed, and judgment will be entered here in accordance with this opinion.

*Reversed, and judgment here.*