Rose *v*. Brister *et al.**

(Division A. Jan. 10, 1927. Suggestion of Error Overruled Feb. 7, 1927.)

[111 So. 129. No. 26107.]

1. PROCESS. *Evidence held to support chancellor's finding of personal service of summons.*

Evidence *held* sufficient to support chancellor's decree that defendant had been personally served with summons as shown by deputy sheriff's writ.

2. EXECUTION. *Debtor failing to interplead creditor and garnishees may not thereafter enjoin execution of judgment taken by creditor on indebtedness (Hemingway's Code, section 555).*

Where debtor after having been served in garnishment proceedings failed to interplead in accordance with Code 1906, section 772 (Hemingway's Code, section 555), on creditor's bringing action on debt, jurisdiction of chancery court cannot thereafter be invoked to stay execution of judgment taken by creditor on indebtedness.

*Corpus Juris-Cyc. References: Execution, 23 C. J., p. 555, n. 3; Process, 32 Cyc, p. 514, n. 10.

APPEAL from chancery court of Leflore county. HON. HARVEY McGEHEE, Chancellor.

Suit by Ida J. Rose against E. W. Brister and others. From a decree dissolving an injunction theretofore granted and dismissing the bill, complainant appeals. Affirmed.

*Everett & Forman,* for appellant.

The court erred in rendering a decree sustaining the motion to dissolve the injunction and dismissing the bill. The chancellor was not warranted in his findings.

The appellant, Mrs. Ida J. Rose, testified positively that no service of process was had upon her, but that after she was informed that a judgment had been rendered against her, she found in a desk at her home, which desk was used by Mrs. Cassidy, her bookkeeper, the copy of the summons which was supposed to have been served upon her, among some stationery in Mrs. Cassidy's desk, and that was the first time that she had ever seen this summons, and that it was not served upon her.

The only other evidence in the record is that of the summons itself with the sheriff's return, the testimony of Mr. A. R. Bew, the chancery clerk, and E. H. Crippen, the sheriff, who testified to what the records in their offices show.

We take the position that the testimony of Mrs. Rose as to what did not take place overcomes the record evidence and is the only evidence upon which the chancellor could base his opinion. *Reichman-Crosby Co.* v. *Horton,* 108 So. 443; section 2952, Hemingway's Code. If the summons was not served upon her and she had entered no appearance nor waiver of process, then the judgment was void. *Boutwell* v. *Grayson,* 118 Miss. 80; *Bank of Philadelphia* v. *Posey,* 92 So. 840; *Theobald* v. *Gerdine,* 93 Miss. 208; *Duncan* v. *Gerdine,* 58 Miss. 555.

Where the complainant had no service of process and was without the suit until the judgment became final, which was taken by default, then she had a right to maintain this bill of injunction. *Oliver* v. *Baird,* 90 Miss. 718.

This bill of complaint should have been maintained by the court because a judgment debtor who has been sued as a garnishee may maintain a bill of interpleader and is entitled to an injunction against the collection of the judgment until the rights of the parties have all been adjusted and settled. *Henderson* v. *Garrett,* 35 Miss. 554; *R. R. Co.* v. *Fulton,* 71 Miss. 386; *McPherson* v. *Mathews,* 108 So. 494. See also section 381 Hemingway's Code; *Staple Cotton Co-Op. Ass'n* v. *Borodofsky,* 104 So. 91.

It was the duty of the court to maintain this injunction until the October term of the chancery court of Leflore county to see the outcome of the suits of the tenants against Brister.

*Osborn & Witty,* for appellees.

I. Appellant contends that the chancellor erred in holding that the summons had been served on appellant by the deputy, Mr. Smith, and has cited with apparent confidence *Reichman-Crosby Co.* v. *Horton,* 108 So. 443, upon which both appellant and appellee relied in the argument before the chancellor.

The court held in that case that the question of whether or not the summons had been served was a question of fact to be determined by the chancellor from all the evidence in the case, and that the chancellor's opinion would not be disturbed when rendered on conflicting evidence.

As we understand the Reichman-Crosby case, it is that the sheriff's return is only prima facie true, and that when the service was denied positively by the defendant, it became a question of fact for the chancellor on the conflicting testimony. And the court will bear in mind that the summons was afterwards located by appellant among her papers in her house.

II. On the second proposition that the chancellor erred in dismissing the bill, we again direct the court's attention to the fact that the only relief sought in this bill was an injunction and that no other relief could be given under the allegations of the bill, and that when the motion to dissolve the injunction was sustained, the suit was at an end. *Evans* v. *Money,* 104 Miss. 264, 61 So. 309; Griffith's Chancery Practice, p. 484, citing *Derdyn* v. *Donnelly,* 81 Miss. 693; 33 So. 652; *Bass* v. *Nelms,* 56 Miss. 509; *Davis* v. *Hart,* 66 Miss. 642.

We say, therefore, that the appellee had a right to rely upon the above mentioned adjudications of this court when he prepared his decree dissolving the injunction and dismissing the bill even though section 381, Hemingway's Code indicates that the bill should not be finally dismissed until the next term of court.

The remedy of the appellant in this case was clearly stated in *Y & M. V. R. R. Co.* v. *Fulton,* 71 Miss. 384, 14 So. 271; *Delta Ins. & Realty Agency et al.* v. *Fourth National Bank of Montgomery,* 89 So. 817; *Kellogg* v. *Freeman,* 50 Miss. 127, is also controlling.

COOK, J., delivered the opinion of the court.

This is an appeal from a vacation decree of the chancellor dissolving an injunction to stay the execution of a judgment at law, and dismissing the bill of complaint.

The bill of complaint alleges that during the year 1925 the appellee E. W. Brister leased from the appellant certain farm lands which he cultivated during that year; that during the fall of 1925 he sold to the appellant his lease, mules, horses, farming implements, and corn for the sum of three thousand six hundred dollars; and that this trade was consummated by paying to the appellee the sum of one thousand five hunderd ninety-two dollars, leaving a balance due him by her of two thousand eight dollars.

The bill further charges that after the consummation of this trade the appellee Brister moved from Sunflower county to Memphis, Tenn., leaving no property in this state; that on or about the 29th day of December, 1925, nine of his former tenants filed attachment suits against the appellee Brister as a non-resident, and joined the appellant as a party to said suits in order to bind in her hands whatever sum of money she might be owing to the appellee, the amount claimed by these several tenants in these suits against the appellee being one thousand six hundred one dollars and forty cents; that the appellant had filed separate answers to each of these suits against the appellee in which she had admitted an indebtedness to him of two thousand eight dollars; and that all of the said suits were at the time of the filing of the bill pending suits in the chancery court of Leflore county against the appellee Brister and the appellant.

The bill further charged that notwithstanding these suits were pending against the said appellee and the appellant as a joint defendant, the appellee, in March, 1926, had filed suit in the circuit court of Leflore county against appellant for the sum of two thousand two hundred forty-two dollars and thirty-four cents, and had secured a judgment against her for that sum; that the said judgment was void for want of jurisdiction in the circuit court to render the same, for the reason that no process was served on the appellant in said suit, and she had no notice or knowledge whatsoever of the pendency of said

suit or the rendition of said judgment until an execution was issued thereon and placed in the hands of the sheriff to be levied on her property. The bill prayed that the sheriff be enjoined from levying the execution then in his hands; that the appellee Brister be enjoined from transferring the judgment or having any other execution issued thereon until the nine suits which were instituted by the appellee's former tenants had been heard and finally disposed of; and that on final hearing the default judgment entered against the appellant in the circuit court be canceled and annulled.

The appellee E. H. Crippen, sheriff of Leflore county, filed a separate answer denying that appellant was not served with process in the suit against her in the circuit court, and averring that she was, in fact, personally served with summons on March 26, 1926, by Frank Smith, a duly qualified and acting deputy sheriff of the county.

The appellee Brister filed an answer to the bill of complaint in which, among other things, he denied any indebtedness to any of his former tenants, and averred that the nine suits filed by these tenants, who were then tenants of the appellant, were filed by collusion between the appellant and these tenants, and that the writs of garnishment in said suits were served on the appellant at her own request and solicitation in pursuance of the plan and effort to defeat the appellee in his efforts to collect the balance due on the purchase price of the personal property sold by him to appellant.

A few days before the hearing of the motion to dissolve the temporary injunction, Frank Smith, the deputy sheriff who was alleged to have served the summons on the appellant in the suit against her in the circuit court, was killed, and at the hearing of this motion to dissolve, the summons containing the following return of this officer was introduced in evidence:

"I have this day executed the within writ personally, by delivering to the within named defendant, Mrs. Ida J. Rose, a true copy of this writ. This the 26th day of

March, A. D. 1926.   E. H. Crippen, Sheriff, by Frank Smith, D. S.''

The appellant testified that she was not served with process in said suit; that she knew nothing of this suit until after the adjournment of the term of court at which the judgment was rendered; that thereafter she found a copy of the said summons in a desk at her office which had been used by a Mrs. Cassidy, her bookkeeper; that she did not remember where she was on March 26, 1926, but that prior to that time she had been served with garnishment writs in a number of other suits filed by her tenants against the appellee Brister in the chancery court.   On cross-examination she testified that she had never seen Frank Smith, the deputy sheriff, until a short time before the hearing of the motion to dissolve the injunction; that he had never served any process upon her in any case from any court; and that the process in the nine garnishment cases had all been served by the son of the sheriff.   On further cross-examination, upon being confronted with the fact that eight of the writs of garnishment were served by the sheriff's son on the same day, while the return on the ninth writ showed that it was served by the deputy, Frank Smith, at a later date, she admitted that she was probably mistaken, and that Smith might have served one of these writs.   She also testified that after she learned of the rendition of the judgment against her in the circuit court, she called Frank Smith, the deputy, and asked him if he knew her when he saw her, and that he replied that he did, and contended in that conversation that he had served the summons on her personally.   The sheriff testified that he delivered this particular summons to his deputy Frank Smith, and instructed him to serve it immediately, and that it was afterwards returned to him; the return on the summons being signed personally by the deputy, Smith.   Upon this testimony the chancellor found that the appellant was mistaken in her statement that the summons in the circuit court case had not been served

upon her, and that, as a matter of fact, the summons had been personally served on her by the deputy, Frank Smith, as shown by his return on the summons, and entered a decree dissolving the injunction, assessing the statutory damages, and dismissing the bill of complaint, and from this decree this appeal was prosecuted.

In the case of *Reichman-Crosby Co.* v. *Horton* (Miss.), 108 So. 443, it was held that an officer's return on a summons for a defendant, showing personal service thereof, on the one hand, and the denial of service by the defendant, on the other hand, presented a question of fact to be decided by the chancellor. In the case at bar the chancellor has passed upon this issue of fact, and after a careful consideration of appellant's testimony upon this point, we are unable to say that his decision is manifestly wrong, and consequently it will not be disturbed.

The fact of the service of summons on the appellant in the suit against her in the circuit court is established by the decision of the chancellor, and since she did not appear in that court and avail herself of any legal measures or remedies to protect herself against the possibility of double liability on the claim, it only remains to consider what rights, if any, she may now have to invoke the jurisdiction of the chancery court to enjoin further proceedings to enforce the judgment at law.

When the appellant was sued in the circuit court on the debt for which she had already been garnished, a method by which she might have fully protected herself in that court against these conflicting claims is provided by section 772, Code of 1906, section 555, Hemingway's Code, which provides that the conflicting claimants to the subject of any action may be interpleaded and the money or subject of the action may be deposited with or delivered to the court to be disposed of under its direction, thereby discharging the original defendant from all liability to either of the other parties upon compliance with the order of the court for the payment, deposit, or delivery of the subject of the action. In the case of *Railroad Co.*

v. *Fulton,* 71 Miss. 385, 14 So. 271, it was held that —"A creditor may proceed to judgment against his debtor, notwithstanding the latter has been garnished in respect to the debt sued for, but, this being shown, the judgment should require execution to be stayed for the amount the defendant has been or is sought to be charged as garnishee."

But in a suit against a debtor who has been garnished in respect to the debt sued for, the court cannot be held to have committed error by reason of its failure to stay execution when the existence of garnishment proceedings or conflicting claims to the subject of the action is in no proper way called to the court or presented at the trial of the cause. Having full knowledge of the pendency of garnishment proceedings in respect to the debt sued for, the debtor cannot sit idly by, without taking any of the available measures to protect himself, and permit his creditor to take judgment on the indebtedness, and afterwards invoke the jurisdiction of the chancery court to stay the execution of the judgment.

The decision of the chancellor upon the issue of fact as to the service of summons on the defendant in the circuit court case, and the consequent dissolution of the injunction, ended the whole matter so far as any relief could be granted on the bill of complaint, and, applying the language of the court in the case of *Evans* v. *Money,* 104 Miss. 270, 61 So. 309, "considering the attitude of this case at the time of the rendition of the decree complained of, we do not believe that complainant's rights have been prejudiced by reason of the chancellor's entering in his decree that the bill was dismissed" when he dissolved the injunction. *Bass* v. *Nelms,* 56 Miss. 509; *Derdeyn* v. *Donovan,* 81 Miss. 696, 33 So. 652; Griffith's Mississippi Chancery Practice, p. 484.

The decree of the court below will therefore the affirmed.

*Affirmed.*