No. 19,955.

E. J. RIPPY, ET AL., *v.* H. E. COWIESON.
(379 P. [2d] 396)

Decided February 25, 1963.    Rehearing denied March 18, 1963.

Mr. ROBERT DELANEY, Mr. KENNETH BALCOMB, for plaintiffs in error.

Messrs. SEAVY and SEAVY, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HALL.

THE parties appear here in the same order as in the trial court. We will refer to them as they there appeared, or by name.

On June 6, 1960, plaintiffs commenced this action. In their complaint they set forth two claims, in the first of which they seek to recover from the defendant the sum of $9,597.78, together with interest thereon from November 16, 1959, alleged to be due for certain work performed and materials furnished by plaintiffs to defendant pursuant to his request.

The second claim is for the same amount and predicated on the same facts as the first claim; however, therein plaintiffs seek to foreclose a mechanic's lien on defendant's real property, which lien was filed to secure payment of the amount for which judgment is sought.

Defendant filed his answer wherein it is admitted that plaintiffs performed certain work and furnished certain materials at the special instance and request of the defendant; denies that the amount claimed by plaintiffs is due, and alleges an offer to pay the amount agreed upon for performance of the work and materials furnished and plaintiffs' refusal to accept such offer.

For answer to the second claim the defendant admits that he employed plaintiffs to construct a reservoir on his lands, alleges that it was agreed that the sum to be paid for constructing the reservoir was $2,000.00, and

offers to pay to plaintiffs said sum of $2,000.00 "less the amount necessary to place such reservoir in a useable and workable condition."

Trial was to the court. Plaintiffs called the defendant as a witness for cross-examination. Testimony of the defendant which served to establish plaintiffs' claims was to the effect that in August of 1959, plaintiffs were doing a road job on a state highway near his ranch property, and that he engaged plaintiffs to grade his road, build a reservoir and connect it with his home water system — that the cost would be $2,000.00 more or less, depending on the trouble encountered.

"It was going to be a cost plus job, and that was his [Adair Rippy's] estimate, and I said go ahead and start it."

Also called as a witness was one of the partners, Adair Rippy. He testified to the following facts: He corroborated the defendant's testimony that he undertook to do certain work and furnish material at the request of the defendant on a cost plus basis and that the total cost was roughly estimated at between two and three thousand dollars. He further testified that subsequent to giving an estimate of the cost, the defendant made or agreed to innumerable changes in the work to be done and the amount of material to be furnished; i.e., the height of the dam was increased from five or six feet to twenty, pipe doubled in size, trenches enlarged, concrete spillway built, reinforcing steel installed, procurement of earth for the dam from sources other than the bottom of the reservoir as originally planned at the lower height. In addition, trees were gathered up and burned, culvert installed, highway gravelled, roads graded and new ones built.

That weather conditions in the fall of 1960 prevented further work. At that time there remained a small amount of work to be done around the reservoir intake and a fire plug was to be installed.

That the cost of work performed and materials sup-

plied in addition to those originally agreed upon exceeded by far the cost of the work originally contemplated and for which plaintiffs had given a tentative cost figure of two or three thousand dollars.

That on November 16, 1960, plaintiffs sent to the defendant an itemized statement for the sum sued for and presented documentary proof that the work was done, materials furnished, for which plaintiffs had paid over $1900.00. That all charges for labor, use of equipment, etc., were standard for that type of labor and materials. Defendant paid nothing.

On cross-examination by defendant's counsel, Rippy, among other things, stated:

"Q. (Mr. Seavy) Mr. Rippy, at any rate, in your first conversation with Mr. Cowieson, a figure of two or three thousand dollars was discussed, was it not? A. Yes, sir. Q. And now, how and when was Mr. Cowieson to have paid your organization? A. Well, sir, the deal was we would be complete with his project when we would be paid. Q. In other words, you were to be paid on the completion of the work? A. Completion of what he laid out."

He further testified that the dam, though originally to be only five or six feet high, had, on instructions from the defendant, been increased in height to twenty feet and that no approval for construction of the dam had been obtained from the state engineer's office.

Having elicited this testimony from Rippy, counsel for defendant moved:

"* * * that this action be dismissed as not being in conformity with what is now 147-5-5 of the 1953 Statutes." which provides:

"No reservoir * * * having a dam * * * in excess of ten feet in verticle height * * * shall * * * be constructed * * * except that the plans and specifications for the same shall have first been approved by the state engineer * * *. No work shall be deemed complete until the

state engineer shall furnish to the owners of such structures a written statement of the work of construction and the full completion thereof, * * * ." and for the further reason that payment was not to become due until the work was complete.

On presentation of this motion, the trial judge announced his intention to sustain the same. Whereupon plaintiffs pointed out that they had not completed their case nor had they rested, and that it would be improper to then terminate the trial proceedings.

The trial court entered its order of dismissal. Thereupon plaintiffs asked that the order be vacated and that they be permitted to offer testimony to the effect that plaintiffs had asked the defendant what he had done about obtaining a permit from the state engineer, to which defendant stated:

"Hang the state engineer. I'm not going to store that much water. There's nothing to worry about."

Also, that they be permitted to prove that when Rippy left the job in November 1960, the defendant stated:

"If you will give me a statement I will pay you now."

That to the above statement the plaintiffs responded that they did not then have all the invoices and were not then prepared to submit a statement, but it would be forwarded from the home office.

The court rejected this offer of testimony and denied the motion to reconsider.

Thereupon the plaintiffs asked that the case be reinstated and continued for a period of thirty days, and the defendant directed to cooperate with the plaintiffs in seeking approval of the state engineer of the structure. This request was denied and formal judgment entered wherein the court found that testimony elicited from Adair Rippy showed that:

1. The dam in question was over ten feet in height.

2. That there had been no compliance with C.R.S. '53, 147-5-5.

3. That plaintiffs were to be paid upon the completion of the work performed by them. — and ordered the case dismissed without prejudice.

Motion for a new trial was dispensed with.

Plaintiffs are here by writ of error seeking reversal and opportunity to present such testimony as they deem proper to establish the allegations of their complaint.

■ In dismissing plaintiffs' complaint, the trial court disregarded the issues as made by the pleadings, made no finding or disposition of any issue before the court, and made findings of facts on matters that were not a part of the pleadings or before the court for determination.

■ Neither party saw fit to make an issue in the pleadings as to the height of the dam or its lawfulness. The defendant could have but did not plead that the dam was constructed without authorization from the state and in violation of C.R.S. '53, 147-5-5. The court's finding as to the legality of the work done is wholly voluntary, gratuitous, and immaterial.

Defendant could have alleged that amounts to be paid plaintiffs, if any, were not yet due. There is no such allegation in the answer — to the contrary, the defendant alleges in his answer that:

"* * * he has heretofore offered to pay to plaintiffs the sum agreed upon * * * which said offer has been refused by plaintiffs.

* * *

"That defendant is ready, willing and able to pay to plaintiff the sum of $2,000.00 less the amount necessary to place such reservoir in a useable and workable condition."

The only issues made by the pleadings were:

1. How much were plaintiffs to be paid?

2. Had the work been done in a workmanlike manner so that plaintiffs could claim payment?

3. Was the action to foreclose the mechanic's lien instituted within the time provided by law?

510

■ Every one of those issues remains undetermined though plaintiffs made every effort to establish the allegations of their complaint and did offer proof that they had furnished labor, machinery and supplies at the request of defendant for which they were entitled to be compensated on the agreed "cost plus" basis of $9597.78.

It was error for the trial court to suspend the taking of testimony and to entertain the motion to dismiss.

Plaintiffs' complaint clearly states claims showing them to be entitled to relief. Defendant's answer admits that plaintiffs are entitled to some relief.

The judgment is reversed and the cause remanded for trial and adjudication of the issues presented by the pleadings.

Mr. Justice Day and Mr. Justice Pringle concur.