475 P.2d 646 (1970)
E. J. RIPPY, William Paul Rippy, and Adair Rippy, a co-partnership, doing business as E. J. Rippy & Sons, Plaintiffs in Error,
v.
Allan R. PHIPPS, as Administrator C. T. A. of the Estate of H. E. Cowieson, Deceased, Defendant in Error.
No. 70-222, (Supreme Court No. 23177.)
Colorado Court of Appeals, Div. I.
October 14, 1970.
*647 Delaney & Balcomb, Robert Delaney, Glenwood Springs, for plaintiffs in error.
Seavy & Seavy, V. G. Seavy, Pueblo, for defendant in error.
Not Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Plaintiffs in error (Rippy) were plaintiffs in the trial court. Defendant in the trial court (Cowieson) died after the trial and Phipps, as administrator C.T.A. of his estate, was substituted as defendant.
In this action Rippy sought to recover approximately $9600 for the construction of a dam and reservoir at the request of Cowieson on the latter's property, and for foreclosure of a mechanics lien. After a trial to the court, judgment was entered in favor of Cowieson.
The judgment appealed from came after a second trial. After the first trial a judgment of dismissal without prejudice was entered. That judgment was appealed to the Supreme Court which remanded the matter for a new trial on the following specific issues:
"1. How much were plaintiffs to be paid?
2. Had the work been done in a workmanlike manner so that the plaintiffs could claim payment?
3. Was the action to foreclose the mechanics lien instituted within the time provided by law?" Rippy v. Cowieson, 151 Colo. 504, 379 P.2d 396.
The second trial was had on these issues and the trial court found that the parties had entered into a cost-plus contract for the construction of a reservoir (which would have entitled Rippy to the amount claimed had the work been properly performed); that the work had not been done in a workmanlike manner and that the reservoir was not reasonably sufficient for its intended purpose; and that the action to foreclose the lien was not commenced within the time provided by law.
The pertinent facts are that Cowieson and Rippy entered into an oral agreement under which Rippy agreed to build a dam and reservoir and construct a roadway on land owned by Cowieson. Rippy built the dam which appeared satisfactory to Cowieson immediately on completion. However, within a week after Rippy ceased work the dam began to leak and, on instructions from Rippy, Cowieson drained the reservoir. From that time until the time of trial, almost five years later, the reservoir remained empty.
Cowieson contended the leak resulted from faulty construction of an outlet pipe which ran through the dam. Rippy asserted that the leak was through a pervious stratum encountered during construction. Cowieson refused to pay Rippy until the dam was repaired so that it would hold water and Rippy refused to do any more work until he was paid in full for what he considered a completed contract.
Rippy's sole argument here is that Cowieson can't escape payment because of leakage through a pervious stratum encountered in the course of construction.
*648 Even assuming the leak resulted from the soil conditions this does not excuse the contractor from performance of the contract.
"`The general rule is that a builder must substantially perform his contract according to its terms, and, in the absence of contract governing the matter, he will be excused only by acts of God, impossibility of performance, or acts of the other party to the contract, preventing performance. If he wishes to protect himself against the hazards of the soil, the weather, labor, or other uncertain contingencies, he must do so by his contract.'" (Emphasis added.)
Newcomb v. Schaeffler, 131 Colo. 56, 279 P.2d 409.
The evidence discloses that there was no discussion between the parties about soil conditions until after the pervious gravel was uncovered during construction. Further, when it was uncovered Cowieson was told about it, but was not advised that it might make the reservoir unusable.
When Cowieson was advised by Rippy's superintendent about the gravel, he said, "`Well that's good * * * I may get some filtered water into my reservoir * * *.'" The agent then told Cowieson that the water might go out under the dam and, "`If so, we're going to have to put bentonite or some kind of sealing substance in the bed of the dam.'"
Cowieson relied on Rippy, an experienced contractor, to do what was necessary to perform the contract. Rippy, however, even though well aware of the problem did not discuss it further with Cowieson and did nothing to correct it, leaving Cowieson with a useless structure. Under these circumstances the trial court properly found that the work was not performed in a workmanlike manner.
Since Rippy failed to establish his claim, the question of the timeliness of commencing the lien foreclosure need not be considered.
Judgment affirmed.
DWYER and ENOCH, JJ., concur.