## No. 9199.

### CITY OF TRINIDAD v. TRINIDAD WATER WORKS COMPANY ET AL.

CONTRACT—*Construed.* In March, 1897, the City of Trinidad purchased of the Trinidad Water Company the works constructed by that company to supply the city with water. The price was to be paid in part by the redemption of the bonds of the company which were a first lien upon the plant. In September, 1897, bonds of the city to the principal sum of $335,000.00 were deposited with the defendant Bank to be exchanged for

the bonds of the company, and it was agreed that if, at the completion of the contract any of the bonds of the company were outstanding and not deposited with the Bank for exchange, the city might "withhold from the purchase price an amount equal to the principal of said bonds with interest to April 1st, 1897." That payment of such bonds should be assumed by the city and the amount thereof to be considered by the company as a payment upon the purchase price of the property. Five bonds of the water company were never surrendered, or deposited with the Bank, and were outstanding at the institution of this action, and seven of the bonds of the city were on deposit with the Bank. In June 1914 the City instituted this action demanding surrender of the bonds in the Bank. The water company opposed this demand on the ground that the bonds were part of the purchase price, agreed to be paid for their plant, and belonged to it. *Held* that the City having assumed the outstanding bonded indebtedness of the company and the company having accepted such assumption as a payment of so much of the agreed price of the plant as was represented by such outstanding bonds, that part of the price was, as between the City and the company extinguished, as well as all interest in the bonds in question. Judgment for the company reversed and the cause remanded with directions to the court below to enter judgment requiring the unconditional delivery of the bonds to the city.

*Error to Las Animas District Court; Hon. A. Watson McHendrie, Judge.*

Mr. HENRY HUNTER and Messrs. DANA, BLOUNT & SILVERSTEIN, for plaintiff in error.

Mr. FORREST C. NORTHCUTT, Mr. JESSE G. NORTHCUTT and Mr. HENRY W. COIL, for defendants in error.

Mr. Justice Bailey delivered the opinion of the Court.

PLAINTIFF in error, plaintiff below, the City of Trinidad, a municipal corporation, hereinafter called the city, brought suit to recover from The First National Bank of Trinidad, one of the defendants below, and a defendant in error here, seven city bonds of $1,000.00 each, held by the latter in escrow for the purpose of exchange for bonds of The Trinidad Water Works Company, hereinafter called

the company, which company, claiming to own the bonds in dispute was thereafter made a party defendant to this suit by stipulation. Findings and decree were for the company, and the city brings the cause here for review.

The bonds on deposit are part of an issue of $335,000.00 put out by the city for the purchase from the company of the water system which then did, and ever since has, furnished the city its domestic water supply. These bonds were placed with the bank in September, 1897, agreeable to the terms of a contract of purchase and sale of such water system between the city and the defendant company. That contract provides, among other things, that the bonds of the company theretofore issued against its water plant, were to be exchanged for bonds of the city. All of the water bonds except five thereof for $1,000.00 each, were delivered up, exchanged and cancelled. The five bonds in question with interest thereon are still outstanding and are a subsisting lien upon the water works system, so purchased by the city.

The contention of the company is that the seven bonds in the hands of the bank are a part of the purchase price of the water plant and as such belong to it and that the company is under no obligation to locate the five missing bonds or surrender them to the city before it is entitled to receive the balance of the agreed purchase price. It is contended by the city, on the other hand, in view of the lapse of time since such bonds were placed in escrow, that they should now be returned for the reason that the city alone is responsible for the payment of the water company bonds, whenever presented for payment, and that in accordance with the terms of its contract with the water company it has discharged its obligation to the latter in full. It is also urged that in any event the company, having failed to renew its charter, is legally dead, which fact when it was made a party defendant was not known to the city, and since it has in fact no longer a legal existence, may not maintain this action. In our view, however, it is unnecessary to pass upon the right of the company to now litigate the matter in dispute.

The case will be determined upon the provisions of the contract between the city and the company. In March, 1897, the parties agreed upon the price to be paid for the water system, that the payment therefor in part at least was to be made by redemption and cancellation of outstanding bonds of the company, which were and are a first lien upon the plant; the contract further provides, if at the time the contract was completed there were any of the water company bonds outstanding, and not deposited with The First National Bank of Trinidad for exchange, as to such bonds, as follows:

"It is further agreed by The Trinidad Water Works Company that any amount which might be paid by the City of Trinidad for the purpose of discharging the bonds, so deposited, and securing their cancellation, shall be considered and accepted by said Company as payment to that extent upon the purchase price of the property herein proposed to be conveyed, and that said City may withhold from the purchase price an amount equal to the principal and interest to April 1, 1897, of any bonds which may not be so deposited prior to the time of final settlement by the city for said property as herein provided for, and the payment of such bonds shall be assumed by the City, and the amount thus withheld and assumed, to be considered by the company as payment to that extent upon the purchase price of said property."

It is manifest, from the foregoing provision that the city assumed and agreed to pay the then existing and outstanding bonded indebtedness of the company, and the company accepted such assumption of obligation by the city as payment of so much of the agreed purchase price of the water plant as was represented by such outstanding bonds. The legal effect of the assumption of an existing indebtedness on the one side and an acceptance of the promise to pay on the other, as part of the purchase price, is laid down in 1 C. J. 567, in the following terms:

"It is too well settled to admit of doubt that, if the promise or agreement itself, and not the performance

thereof, is accepted in satisfaction of the demand, and the agreement is based upon a sufficient consideration, the demand is extinguished and cannot be the foundation of an action, and it makes no difference whether the original demand was in tort or contract. Under these circumstances there is a valid accord and satisfaction, even though the promise or agreement is not performed. The sole remedy of either party in case of non-performance is by action for breach of the new agreement, the right to insist on the original indebtedness being extinguished."

See also *Whitsett v. Clayton*, 5 Colo. 476.

It appears that the water company bonds in question have been lost, or at least have not been presented for payment during the more than twenty years period which has elapsed since the execution of the contract. The bonds are payable to bearer, and by their provisions liability thereon is absolute, certainly at least at all times prior to the running of the statute of limitation, and according to the terms of the contract the city is bound for their payment. For the protection of the city the contract expressly and specifically provides that it may withhold payment to the water company of so much of the purchase price as is covered by the water bonds outstanding and accrued interest thereon at the date of final settlement, the payment of which the city has assumed. It was under this explicit provision that the bonds were deposited with the bank. The water company has received in full what it agreed, according to the terms of the contract with the city, to take for its plant, a part of which was the assumption of, and the agreement by the city to pay, any outstanding bonds of that company not deposited with the bank prior to the final settlement by the city for the water plant, as provided in the contract. It therefore is immaterial in this action whether the company is a live corporation or whether its legal existence was terminated by the expiration of its charter. It has already been paid the agreed purchase price for its plant, and obviously has no further interest in the subject matter of this suit. There is no ambiguity

in the contract upon this point, as is plainly shown by the express provision contained in the excerpt therefrom quoted above.   The promise upon the part of the city to pay such outstanding water bonds of the company was accepted to that extent by the company as a payment upon the agreed purchase price for the property.   The city is still liable for such payment, and is ready and willing to discharge its obligation in this behalf whenever called upon to do so. No other construction of the effect of the agreement of purchase and sale, between the city and the water company upon the point here involved is either legally or logically possible.

The cases relied upon by the company are not in point, particularly *Burbank v. Root*, 4 Colo. App. 197, 45 Pac. 275.   All of the cases cited by the water company to support its contentions are ones in which the vendor of real property was permitted to bring action against the purchaser for nonpayment of an incumbrance which the purchaser assumed and agreed to pay, and are distinguishable from the case at bar, in that those cases the purchaser failed and refused to discharge the incumbrance.   In this case there has been no default upon the part of the city in the performance of its agreement, or denial of liability.

It is manifest, therefore, that the interest of the company in the bonds in question long since came to an end. This conclusion disposes of all other issues involved, and further discussion or consideration of the cause is unnecessary.

The judgment of the trial court is reversed and the cause remanded with instructions to enter a judgment for the city directing an unconditional delivery to it by the bank of the city bonds above described held by it in escrow for the purpose hereinbefore indicated.

Judgment reversed and cause remanded with Instructions.

Mr. Chief Justice Garrigues and Mr. Justice Allen concur.

Decided June 2, A. D. 1919.   Rehearing denied October 6, A. D. 1919.