No. 17,377.

NEWCOMB ET AL. V. SCHAEFFLER ET AL.

(279 P. [2d] 409)

Decided January 24, 1955.

Mr. FRED M. WINNER, Mr. WILLIAM G. BERGE, for plaintiffs in error.

Messrs. HOLLAND & HART, Mr. PATRICK M. WESTFELDT, Mr. ROBERT P. DAVISON, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

In the trial court plaintiffs in error were defendants and defendants in error were plaintiffs. We will refer to the parties as they there appeared.

Plaintiffs' action was one for damages based on alleged breach of contract. By the written contract sued upon, defendants agreed to erect a residence on certain lots owned by plaintiffs, "as shown on the drawings and described in the Specifications prepared by The Owners" and "to find, provide and furnish such materials of such kinds, qualities and descriptions, as shall be fit, proper and sufficent for completing and finishing all the work or works mentioned in a good, substantial and workmanlike manner to the satisfaction of and under the direc-

tion of the Owner." The plaintiffs agreed to pay defendants therefor the "actual cost plus two thousand dollars * * * from time to time, as the work progresses."

It is admitted plaintiffs paid the actual cost of all materials and labor connected with the erection of said residence property, together with one thousand dollars on account of defendants' profit.

It is further admitted that plans for the structure were furnished by plaintiffs, but that no specifications were ever prepared or submitted by anyone. Work was commenced in July, 1951 and continued until September, 1951, when defendant Johnson reported to Mr. Schaeffler that cracks had developed in the foundation and walls of the structure. After consultation with a structural engineer, soil samples were submitted to a laboratory for analysis. The report showed the soil on which this building was being erected contained a concentration of calcium carbonate. Certain work was done by defendants in an attempt to solidify the soil by chemical treatment thereof and underpinning the foundation. The walls continued to crack, and on account of this condition and other alleged structural defects and omissions this lawsuit resulted.

By cross-complaint, defendants sought recovery of the balance of one thousand dollars claimed to be due as their balance of profit on the job.

After issue joined, trial was to the court and judgment in favor of plaintiffs for $6,050.00 was entered, to review which, defendants bring the cause here by writ of error.

The trial court found from the evidence that defendants did not construct the residence in a good and workmanlike manner; that they deviated from the plans submitted; that they failed to ascertain the condition of the soil on which the house was to be built, and as a result of the soil condition and defendants' failure to correct the condition, the walls and foundation of the structure cracked and fell apart; that after plaintiffs occupied the house the walls and foundation continued to crack; that

plaintiffs expended $1,350 to correct the soil condition; that defendants failed to properly grade the property, allowing water to collect around and undermine the foundation walls; that defendants failed to properly reinforce the foundation walls; that defendants failed to place the footings and foundation walls on firm soil. These, together with other lesser defects and variations from the building code, were the basis of the court's findings that the cost of the major structural repairs to the house were $4,000.00; that the cost of replacing certain moldings and trim, patching of plaster, replacing brick and other items was $1,500.00. Because the building was not completed within the time specified and plaintiffs were delayed in taking possession thereof, the trial court awarded them $200.00. From this total of $7,050.00 the trial court deducted a balance of one thousand dollars found to be due from plaintiffs to defendants for their services under the contract. Plaintiffs assert the trial court erred in allowing defendants this one thousand dollars credit.

The findings of the trial court, amply supported by competent evidence, contain separate and independent findings of defendants' failure in performance that have no relation to the soil problem. Plaintiffs' expert, Falkenberg, testified concerning the level of the house, the slope of the land and other structural defects and deficiencies. It was also his opinion that the foundations were not placed deep enough and there is substantiating evidence to corroborate the testimony of the expert.

There is ample competent evidence in the record to sustain the findings and conclusions of the trial court concerning the deviation from the plans, structural defects, failure to reinforce the foundations, and that defendants failed to perform their contract in good and workmanlike manner to the satisfaction of plaintiffs, and that defendants did not complete the house within the time limited, for all of which the trial court awarded plaintiffs damages in the sum of $5,700.00.

We have not herein reviewed all the evidence of defects and imperfections in the structure. Certainly there was ample evidence to show faulty construction. Under the circumstances of this case at least a reasonable inference sufficient to support the finding of the trial judge arises that these results were attributable to the negligence, oversight and failure of defendants to comply with the plans and their contract.

The defects in construction were not only testified to, but the trial judge went out and inspected the buildings and then entered his findings after he had observed the structural defects and imperfections.

Under the well-known rule that a finding of fact based on conflicting testimony will not be set aside upon review, we cannot reverse the judgment so far as it relates to the items embraced in the award of $5,700.00.

We now come to the item of $1,350.00 awarded plaintiffs for the soil solidification. It is undenied that this work could have been done for $600.00 prior to the time the cement floors were laid in the basement of the house. Defendants argue that they are not liable for all or any portion of this outlay.

The general rule is stated in *White v. Mitchell,* 123 Wash. 630, 213 Pac. 10, as follows: "The general rule is that a builder must substantially perform his contract according to its terms, and in the absence of contract governing the matter, he will be excused only by acts of God, impossibility of performance, or acts of the other party to the contract, preventing performance. If he wishes to protect himself against the hazards of the soil, the weather, labor, or other uncertain contingencies, he must do so by his contract." The author of the opinion in the White case, supra, quotes from *Public Schools v. Bennett,* 27 N.J. Law 513, 72 Am. Dec. 373, as follows: "If a party, for sufficient consideration, agrees to erect and complete a building upon a particular spot, and find all the materials and do all the labor, he must erect and complete it, because he has agreed so to do. No matter

what the expense, he must provide such a substruction as will sustain the building upon that spot until it is complete and delivered to the owner. If he agrees to erect a house upon a spot where it cannot be done without driving piles, he must drive them, because he has agreed to do everything necessary to erect and complete the building. If the difficulties are apparent on the surface, he must overcome them. If they are not, but become apparent by excavation or the sinking of the building, the rule is the same. He must overcome them, and erect the building simply because he has agreed to do so—to do everything necessary for that purpose."

We quote from *Cramp & Co. v. Central Realty Corp.*, 268 Pa. St. 14, 110 Atl. 763, as follows: "It is conceded that, under the common-law rule, a contractor who undertakes an entire contract for erecting a building is presumed, in the absence of an express provision to the contrary, to have assumed the risk of unforseen contingencies arising during the course of the work, unless performance is rendered impossible by the act of God, the law, or the other party. * * * Under this rule there is no implied warranty of the suffiency of the soil to support the building to be erected, and the contractor assumes the risk of a loss incident to such defectiveness."

*Simpson v. United States,* 172 U. S. 372, was a case where a United States naval engineer prepared a profile plan, showing soil underlying a proposed dry dock to be stable, which was shown to plaintiffs, and considered by them in making their bid for building the dock. They offered to build it "on an available site to be provided by the government"; and the contract was made containing this provision, and that it should be located at such place as should be designated by the defendant, but no other provision as to its location, or the character of the underlying soil. It was there held that a warranty that the ground was free from quicksand, and, or was of the character shown by the profile, could not be implied from the terms of the contract and hence,

that plaintiffs were not entitled to recover damages sustained by the presence of quicksand in the formation of the location selected.

Defendants having discovered the condition of the soil attempted to remedy the same, but it is evident from the entire record that what they did was not sufficent and in the doing of this work they were negligent. What they failed to do required plaintiffs to have the work done a second time at an additional expense of $750.00, over and above what it would have cost had it been done before the basement floors were laid. This additional expenditure was made necessary because of the inefficient work which was done originally, hence we must conclude that the additional expense, under this cost plus contract, must fall upon defendants.

We, therefore, hold that the trial court erred in including in its judgment the full sum of $1,350.00 for soil solidification. The award in favor of plaintiffs for this item should have been $750.00.

The trial judge held that defendants had substantially complied with their contract, hence were entitled to recover on their cross-complaint the one thousand dollars claimed as a balance for services rendered. In this respect the trial court erred. Substantial compliance is not shown by this record.

 Substantial compliance with reference to contracts, means that although the conditions of the contract have been deviated from in trifling particulars not materially detracting from the benefit the other party would derive from a literal performance, he has received substantially the benefit he expected, and is, therefore, bound to pay.

Where a builder has undesignedly violated the strict terms of his contract, and the owner has received and retained benefit of builder's labor and material, and builder is ready to remedy defects which are trivial and slight, there is substantial compliance and the owner is entitled to such damages as will supply the material and

labor required to put the structure in condition called for. *Moss v. Best Knitting Mills,* 190 N.C. 644, 130 S.E. 635.

■ "As a matter of law, it is a substantial failure if the foundation of a house cracks so as to leak, and crumble, immediately after its completion, whereas, if it had been properly constructed it would have done neither." *Nance v. Patterson Bldg. Co.,* 140 Ky. 564, 131 S.W. 484.

In the instant case, the deviations from the plans and contract were not trivial or slight. There is only one conclusion to be derived from the record, and that is, defendants did not perform their contract in a good and workmanlike manner as they agreed to do, and certainly the structure as delivered to plaintiffs was not satisfactory to them.

■ Having breached their contract, defendants were not entitled to recover the balance of one thousand dollars by them claimed as a balance of their profit on the job. We, therefore, conclude that in view of the breach of contract on the part of defendants, the trial court erred in awarding them the one thousand dollars claimed.

The judgment is modified and the cause remanded to the trial court with instructions to enter judgment in favor of plaintiffs for $6,450.00, interest and costs.