No. 21711.

Daryl Hinkle and Thelma Hinkle *v.* Basic Chemical
Corporation, a Colorado Corporation.
(431 P.2d 14)

Decided August 28, 1967.

HOLLEY, BOATRIGHT & VILLANO, for plaintiffs in error.

MINCER and LARSON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THIS is an action brought by Daryl and Thelma Hinkle against Basic Chemical Corporation seeking a judgment in the sum of $9,988.60. They alleged that this amount was due and owing as a result of certain trucking and hauling services rendered by them during the years 1956 to 1958. Basic Chemical's answer alleged that this

debt had been paid by means of giving to the Hinkles a "promissory note" in the amount of $9,988.60. This "note" which was in evidence reads as follows:

"Glenwood Springs, Colorado
April 1, 1958

"FOR VALUE RECEIVED, and in payment of open account, the undersigned promises and agrees to pay to *Daryl Hinkle* as hereinafter provided, the sum of *Nine Thousand Nine Hundred - Eighty-Eight and 60/100 - - -*, together with interest thereon at four per cent (4%) per annum from date.

"It is understood that this note is one of several of similar tenor, given to general creditors of the undersigned, and shall be paid from 50% of the monthly net profits of the corporation, payments to begin within six months from the date hereof. Net profits shall be determined monthly, and fifty per cent thereof assigned for credit upon this, and similar notes, and divided among the holders thereof, pro rata. Such payments shall thereafter continue monthly, until all of said notes, with interest, shall have been paid.

"It is further understood and agreed that in case of foreclosure and sale by secured creditors, or in case of bankruptcy of the undersigned, the whole of said note may be declared, by the holder of this note, as immediately due.

"BASIC CHEMICAL CORPORATION
"By Jean Cole
President"

After trial the court found that the above stated amount had been owed by Basic Chemical to the plaintiffs; that they had accepted the "note" in question as payment for the open account; and that, even though nothing had been paid on the "note" in question, the Hinkles could not recover on the open account since it had been terminated by that instrument.

The Hinkles on writ of error urge the following as grounds for reversal:

(1) It was error to conclude that the "note" in question constituted payment of the open account;

(2) It was error to find that plaintiff Hinkle had accepted the "note" as payment of the open account; and,

(3) Even assuming that the "note" was valid and was accepted, it had not been honored and plaintiffs, therefore, were entitled to bring an action on the original indebtedness.

▇▇▇▇ We must determine whether the giving of the instrument in question operated to discharge the original claim, or whether it was an executory accord, or whether it was merely an affirmance of the debt. We note that the payment provision is highly illusory and we do not believe that as a matter of law — for reasons which hereafter appear — the "note" discharged the original debt; nor do we believe that it can be held to be an affirmance of the debt because its terms of payment are quite different from those contemplated on an open account obligation. It seems though, in reading it in its entirety, that it was an executory accord.

▇▇▇▇ An executory accord is defined in 6 Corbin, *Contracts* § 1268 as:

"* * * an agreement for the future discharge of an existing claim by a substituted performance. * * *."

Corbin indicates that merely because an agreement is termed a compromise or composition with creditors, or that evidently if it is asserted to be so — as defendant is attempting to do here — does not take it out of the field of executory accords. Corbin, *supra* § 1268. The general rule is that the execution of an agreement which constitutes an executory accord does not serve to discharge the original debt unless there is specific wording to that effect in the contract. Corbin, *supra* § 1269. Such has long been the law in Colorado. For example, in *Heath v. Vaughn*, 11 Colo. App. 384, 53 P. 229 (1898) it was said:

"* * * a new agreement or a new promise may in some instances be held to be a satisfaction of a prior one. In

such case accord and satisfaction can be pleaded in bar of a suit upon the old contract. This is true, however, *only* when it appears from the evidence that the new agreement was *expressly* accepted as a satisfaction. If this does not appear, or if it does appear to have been the intention of the parties that performance of the new contract was a condition precedent to the satisfaction of the old one, the plea cannot be sustained. * * *." (Emphasis added.)

We point out that the mere use of the words "in payment of open account" as appear here, when read in context with the remainder of the instrument, is not sufficient evidence of an intent to discharge the debt by the mere giving of the writing itself — even if the Hinkles had accepted it, a point in dispute here. Then, too, we see nothing in the agreement which expressly states that this instrument discharges the original debt or which expressly shows an intent that this writing was meant to do so. We, therefore, hold that this was merely an executory accord which does not constitute a bar to the bringing of a later action on the open account. In Corbin, *supra* § 1269, we find the following cogent statements:

"* * * The reason that such an agreement is not in itself at once operative as a discharge of the claim is that the agreement itself does not so provide. * * * a creditor who has agreed to accept a gold watch or a week's labor in satisfaction has *not* agreed to accept the *promise* of such watch or labor in satisfaction. And if he has not so agreed, it is grossly unjust to restrict his damages to the value of the watch or labor in lieu of the original claim in case the debtor does not keep his new promise * * *. There is unlimited authority to the effect that an accord executory, providing for a future discharge of a claim, is not itself a present discharge.

"This is true even though the debtor has committed no breach of the accord, * * *." (Emphasis added.)

See also *Tabor Mines and Mills Co. v. Newell*, 18 Colo.

App. 520, 72 P. 804 (1903). Furthermore, it appears that an accord without a satisfaction is not a bar nor does it constitute a defense. *National Bank of Arkansas City v. Leech*, 94 F. 310 (8th Cir. 1899); *Gardiner v. Gaither*, 162 Cal. App.2d 607, 329 P.2d 22 (1958); *Noyes v. Pierce*, 97 Vt. 188, 122 Atl. 896 (1923).

██ In view of what we have stated, we hold that the instrument in question did not operate to discharge the original claim; and that, as a matter of law, the Hinkles did not accept the instrument as payment of the open account.

██ In regard to the third ground urged as error, suffice it to say that the fact that payment on this instrument was to begin on October 1, 1958, and no payment had yet been made at the time of the filing of this action on June 4, 1965, is sufficient to show that defendant Basic Chemical was in default on the "note." We observe in this regard that the record discloses that this instrument was actually in default at the date it was mailed to the Hinkles in March, 1959. And, assuming this was a "promissory note," the Hinkles, in view of the fact that the original debt had not been discharged, had a right to institute suit on it at any time after default had occurred since, where a debt exists and a note is given therefore by the debtor, the right of action is suspended on the original consideration only until the note becomes due. See 40 Am. Jur. *Payment* § 87 and cases cited thereunder.

The judgment is reversed and the cause remanded with directions to enter judgment in favor of the Hinkles for $9,988.60 plus interest and costs.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE KELLEY concur.