511 P.2d 924 (1973)
FENNER & SHEA CONSTRUCTION CO., a Colorado corporation, Plaintiff-Appellee,
v.
Kenneth H. WADKINS et al., Defendants-Appellants.
No. 72-348.
Colorado Court of Appeals, Div. I.
June 26, 1973.
Robert W. Caddes, Denver, for plaintiff-appellee.
Ireland, Stapleton, Pryor & Holmes, P. C., William G. Imig, Joseph H. Groberg, Denver, for defendants-appellants.
Selected for Official Publication.
PIERCE, Judge.
Fenner & Shea Construction Company, plaintiff, contracted to build a home for defendants, *925 the Wadkins. Defendant Empire Savings and Loan Association financed the project, disbursing funds to Fenner & Shea as the construction progressed. About the time that the construction was to be completed, the Wadkins instructed Empire not to disburse any further funds. As a result, when Fenner & Shea presented its final draw request to Empire, it was denied. Thereafter, the Wadkins occupied the house.
Fenner & Shea brought this action seeking damages for breach of contract and for foreclosure of a mechanics' lien. It also sought a declaration that its lien was superior to Empire's. The Wadkins denied that they had breached the contract and filed a counterclaim alleging that Fenner & Shea had breached the contract in that portions of the construction had been done in an unworkmanlike manner.
The matter was tried to the court. In its findings of fact and conclusions of law, the court concluded that the Wadkins had breached the contract by stopping the disbursements. With regard to Fenner & Shea, the court concluded that it had substantially performed its obligations under the contract and that to the extent that it had failed to perform fully, its judgment against the Wadkins would be reduced in an amount equal to that necessary to cure the complained of defects in workmanship. The court, pursuant to a clause in the construction contract, further awarded Fenner & Shea its reasonable attorney's fees and costs in prosecuting this action.
On appeal, the Wadkins do not dispute the court's determination that Fenner & Shea had substantially performed. This was a factual determination and was supported by the evidence. Little-Thompson Water Ass'n v. Strawn, 171 Colo. 295, 466 P.2d 915. The issue in this appeal is the court's award of attorney's fees and costs to Fenner & Shea. The Wadkins' argument is, essentially, that by recognizing certain defects in the workmanship of Fenner & Shea, the court had determined that Fenner & Shea was guilty of a breach of the contract, and that therefore, pursuant to the terms of the contract, Fenner & Shea was not entitled to these fees. We do not agree, and therefore affirm the judgment of the trial court.
It has long been the rule in Colorado that the promisor cannot be charged with a breach where he has substantially performed, but rather he is entitled to the contract price less the expenditure required to complete the performance bargained for. Little-Thompson v. Strawn, supra; Campbell v. Koin, 154 Colo. 425, 391 P.2d 365; Newcomb v. Schaeffler, 131 Colo. 56, 279 P.2d 409. Therefore, no breach can be attributed to Fenner & Shea.
On the contrary, the Wadkins clearly breached the contract by withholding from Fenner & Shea funds which were far in excess of any reasonable setoff for the work improperly done. Therefore, it became necessary for Fenner & Shea to incur expenses in order to recover the balance due them. Under the terms of the construction contract, if either of the parties default, that party was to pay such costs, including reansonable attorney's fees incurred in the enforcement of the contract. Attorney's fees and costs are recoverable pursuant to such a clause in a contract. Publix Cab Co. v. Colorado National Bank, 139 Colo. 205, 338 P.2d 702. Therefore, we perceive no error.
Judgment affirmed.
ENOCH and SMITH, JJ., concur.