574 P.2d 114 (1977)
Jonathan W. RHOADS, Plaintiff-Appellant and Cross-Appellee,
v.
ALBERTSON'S, INC., a Delaware Corporation, Defendant-Appellee and Cross-Appellant.
No. 77-049.
Colorado Court of Appeals, Div. I.
November 3, 1977.
Rehearing Denied December 1, 1977.
Certiorari Granted January 30, 1978.
Casey, Klene, Horan & Wegs, David R. Reitsema, R. Paul Horan, Denver, for plaintiff-appellant and cross-appellee.
Dawson, Nagel, Sherman & Howard, James E. Hautzinger, Barbara J. Kelley, Denver, for defendant-appellee and cross-appellant.
COYTE, Judge.
Plaintiff, Jonathan W. Rhoads, sued Albertson's Inc., for damages allegedly resulting *115 from his being wrongfully discharged from his employment in violation of the collective bargaining agreement between Albertson's and the Retail Clerks Union. Defendant denied that the termination of plaintiff's employment had been wrongful and asserted plaintiff's failure to mitigate damages. Defendant also asserted that the plaintiff's claim should be barred because of laches and because the trial court lacked subject matter jurisdiction over the claim as a result of plaintiff's failure to exhaust the grievance and arbitration procedure in the collective bargaining agreement.
In a trial to the court, it found that it had jurisdiction because the arbitration provisions in the collective bargaining agreement were not exclusive and mandatory. In addition, the trial court found that the termination of employment was wrongful, and that while plaintiff was not guilty of failure to mitigate damages, he was guilty of laches because he filed suit after he found a new job and sought damages for a period after that later employment began up to the time of trial. Accordingly, the court entered judgment in favor of plaintiff for the damages he sustained during the period between the wrongful termination and the date on which he found new employment.
On appeal by both parties, we affirm the liability of defendant, reverse as to the amount of damages awarded, and remand the cause with directions to recompute the amount of damages.

I
Defendant relies upon two United States Supreme Court cases to support its theory that the trial court is without jurisdiction here. Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580, and Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842. These cases rest, however, upon the proposition that the contract provides an exclusive and mandatory method of handling grievances outside of court. While, under federal law, doubts concerning the extent of coverage are to be resolved in favor of arbitration, United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960), nevertheless, where the contract is not susceptible to a construction mandating arbitration, the parties cannot be compelled to arbitrate. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962); OCAW, Local 2-124 v. American Oil Co., 528 F.2d 252 (10th Cir. 1976)
The question thus becomes whether the contract between defendant and the Retail Clerks Union presents an exclusive and mandatory grievance procedure, ousting state and federal court jurisdiction, or offers the aggrieved employee an alternative procedure only. Here the court examined the contract in force at the time of plaintiff's termination and concluded that it did not mandate arbitration.
The grievance procedure is in pertinent part:
"The Union may present a grievance.. . . Any grievance which cannot be satisfactorily adjusted by the parties can be taken to arbitration.
* * * * * *
"Any written grievance regarding the discharge of an employee which the Employer does not dispose of to the satisfaction of the Union may be appealed to arbitration by the Union . . . ."
It is significant that the agreement between Albertson's and the Retail Clerks Union entered into the following year differs in a number of important respects from the contract at issue in this case. The new agreement includes a paragragh emphasizing the mandatory nature of the grievance procedure:
"Should any dispute or complaint arise over the interpretation or application of this Agreement, there shall be an earnest effort on the part of the parties to settle such promptly through the following steps, and failure to follow the procedures set forth below shall result in forfeiture of the grievance."
This change in language emphasizes the fact that while the later agreement provides an exclusive and mandatory grievance *116 procedure, the earlier agreement provides only a pattern for the union to follow in submitting those grievances that it chooses to submit, and does not preclude the employee from going forward on his own.
Defendant points to Colorado's adoption of the Uniform Arbitration Act, § 13-22-201 et seq., C.R.S.1973 (1976 Cum. Supp.) as mandating arbitration under the first collective bargaining agreement. Although arbitration is favored as a method of resolving disputes, Wales v. State Farm Mutual Automobile Insurance Co., Colo. App., 559 P.2d 255 (1976), the Act by its terms applies only to agreements made on or after July 14, 1975. Section 13-22-222, C.R.S.1973 (1976 Cum.Supp.). The agreement in question covered November 1, 1970, to November 1, 1973, and thus does not fall within the provisions of the Act.

II
It is undisputed that the correct measure of damages in a wrongful discharge situation is what the employee would have made had he not been wrongfully discharged, less his earnings since the time of wrongful discharge.
Here, the trial court found, however, that plaintiff was "guilty of laches in filing the law suit as far as projecting future damages beyond the date when he became employed on August 16, 1974." Accordingly, even though the new employment paid less than his employment with defendant, the trial court denied plaintiff any damages after August 16, 1974. We disagree with this apportionment of damages.
Laches developed as an equitable analog to legal statutes of limitation and operates, when found, as a bar to the action, not as an element to diminish the award. See G. Dobbs, Remedies, 43. "The basis of laches in equity is unreasonable delay and lack of diligence extending for so long a time or under circumstances that it would be inequitable to grant relief." O'Byrne v. Scofield, 120 Colo. 572, 212 P.2d 867.
Here, the court found that plaintiff's delay, if any, in instituting the action was not sufficient to constitute an equitable bar to his cause. Consequently, laches cannot be raised simply to diminish the amount of damages awarded.
Accordingly, we affirm the judgment as to liability of the defendant and remand the cause to the trial court for recomputation of the amount of damages, taking into account the full period during which plaintiff was injured as a consequence of defendant's wrongful discharge up to the time of trial, and deducting from that amount the amount plaintiff earned in attempting to mitigate his loss.
SILVERSTEIN, C. J., and PIERCE, J., concur.