WILLIAM KALMAN *et al.*, Plaintiffs-Appellants and Cross-Appellees, *v.* RINO BERTACCHI *et al.*, Defendants-Appellees and Cross-Appellants.

First District (4th Division)    No. 78-1855

Opinion filed January 24, 1980.

Myron M. Cherry and Peter Flynn, both of Chicago, for appellants.

Robert J. Anderson, of Chicago, for appellees.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

This is the latest in a series of disputes between the defendants, Rino, Louis, and Mary Bertacchi, and the plaintiffs, William and Joyce Kalman. The litigation concerns a contract under which the defendants were to build a house, on land owned by them, for the plaintiffs.

In 1973 the plaintiffs brought suit seeking specific performance of the contract. A settlement agreement was reached in court in 1976. Disputes concerning this agreement arose immediately after it was dictated to the court reporter. The defendants appealed and this court affirmed the trial court's finding that the settlement agreement was valid. *Kalman v. Bertacchi* (1978), 57 Ill. App. 3d 542, 373 N.E.2d 550.

The settlement agreement requires the defendants to transfer to the plaintiffs clear and merchantable title to the partially completed house and underlying lot; requires the defendants to complete the plumbing at the house so that it complies with the Illinois State Plumbing Code in the opinion of Robert Sugel, inspector for the Illinois Department of Public Health; and requires the defendants to complete 15 construction items to the satisfaction of Sugel and/or Robert Streicher, director of building and zoning for Lake County, each of whom was to certify his conclusion of compliance on attached forms. The plaintiffs agreed to pay the defendants $39,000 on the closing date, a sum representing the balance due on the $59,000 called for in the settlement agreement.

On February 15, 1977, the court found that the defendants were not complying with the settlement agreement. It appointed a custodian to take possession of the property on behalf of the court. The custodian was ordered to complete the 15 items detailed in the settlement and was authorized to hire and pay workmen. The custodian was also instructed to file a final report upon obtaining the certificates from Sugel and Streicher. When the report was filed the plaintiffs were to deposit the $39,000 with the clerk of the court and, within 15 days of the filing, the defendants were to convey the property to the plaintiffs.

In May 1977, Sugel concluded that the required plumbing work had been completed. Streicher's certificate, however, was never provided. In September 1977, the custodian filed a petition for instructions with the court. The petition stated in part that the custodian was "of the opinion that there has been and is substantial compliance with the completion of the enumerated matters * * * and that if there is not full compliance, it will require only a minimal amount of cost to bring the property into full compliance." The petition also stated that the custodian had received a

letter from Sugel indicating that the property was in compliance with the Illinois State Plumbing Code and that "the property in question was inspected by * * * STREICHER * * * who advises the Custodian that he is also of the opinion that substantial compliance has been had in the completion, however, he also advises that he will not sign the statement with regard thereto because of threats by the plaintiffs to hold him personally liable if he certifies completion of anything they do not feel is completed." During a subsequent hearing on the custodian's petition, plaintiffs' counsel stated "there has been what I think would be fair to call substantial compliance, although we contend not complete compliance * * *." Plaintiffs' counsel suggested that the plaintiffs take the house, finish the work, and that the purchase price be adjusted accordingly. The trial judge concluded there had been substantial compliance of the items delineated in the settlement agreement and said there would be no further adjustments. The custodian was discharged.

At another hearing a few days later the trial court said it did not think the Streicher certification was important and that, if it was, the court "waived" it.

No further action was taken by the parties until this court upheld the validity of the settlement agreement in February of 1978. Hearings were held in April, May and June, 1978. No orders were entered on those dates. On July 7, 1978, the plaintiffs proposed that the parties enter into an escrow within 10 days provided that the defendants pay the plaintiffs $4000 as reimbursement for the construction items which had not been completed. At the conclusion of the hearing the court entered an order requiring the plaintiffs to file an application for a building permit with the Village of Deerfield within five days. Another order was entered the same date which required the plaintiffs to deposit in escrow a certified check in the amount of $36,298.13 within five days. The defendants, during the same time period, were to deposit a deed to the property conveying it to the plaintiffs. Also on July 7, 1978, an affidavit of plaintiff William Kalman was filed stating, in part, that the plaintiffs were present and heard a phone conversation during which their attorney asked Streicher if the plaintiffs had ever threatened him with a lawsuit if he signed the certificate. Streicher replied in the negative, according to the affidavit.

On July 11, 1978, the defendants deposited the deed in escrow. The plaintiffs failed to deposit the certified check by July 14, 1978, and the escrow was closed.

The defendants filed a motion asking the court to find that the plaintiffs had rescinded and abandoned the settlement agreement. That motion was denied on August 8, 1978. On August 7, 1978, the plaintiffs filed their notice of appeal from the court's order of July 7, 1978. The defendants filed a notice of appeal from the August 8 order.

On appeal, the plaintiffs argue the trial court erred in unilaterally modifying the settlement agreement and in directing the plaintiffs to consummate the agreement even though the defendants had not performed their part of it. On cross-appeal, the defendants argue the plaintiffs' refusal to comply with the court's order to deposit the $36,298.13 in escrow constituted an abandonment of the settlement agreement and gave the defendants the right to have the agreement terminated.

We will address the defendants' abandonment contention first because, if correct, this would dispose of the appeal. The defendants argue the plaintiffs have abandoned the settlement agreement because they refused to pay the purchase price on its due date and because they attempted to negotiate more advantageous terms than those contained in the agreement.

■■ Rescission or abandonment of a contract may be deduced from circumstances or from a course of conduct which clearly evidences an abandonment thereof. (*Lasher v. Loeffler* (1901), 190 Ill. 150, 60 N.E. 85; *Jones v. Dove* (1943), 382 Ill. 445, 47 N.E.2d 447.) To constitute abandonment of a contract for the sale of land by conduct, the acts relied on must be positive, unequivocal and inconsistent with the existence of the contract. *Grossman v. Liedeker* (Tex. Civ. App. 1947), 202 S.W.2d 267.

■■ We believe the trial court was correct to deny the defendants' motion which sought a declaration that the plaintiffs had abandoned and rescinded the settlement agreement. The contrary conclusion is apparent in the record. The plaintiffs successfully defended the prior appeal, which upheld the validity of the settlement agreement and, since that time, they have been diligent in seeking to have the defendants complete the 15 items detailed in that agreement. We are not persuaded by the defendants' argument that the plaintiffs affirmatively abandoned the agreement by failing to deposit in escrow the $39,000 balance due on the house following the custodian's filing of his petition for instructions. A report was to be filed when the custodian obtained the Sugel and Streicher certificates. As all parties concede, the Streicher certificate was never, in fact, obtained.

The plaintiffs argue the trial court erred by "modifying" the settlement agreement and by "waiving" the plaintiffs' rights under that agreement. They contend that subsequent to this court's affirmance of the trial court's order which found the settlement agreement valid, the trial court had no authority to alter, modify or vacate the judgment or decree.

■■ We cannot agree that the trial court's proceedings and orders entered pursuant thereto constituted an improper alteration, modification or vacation of the judgment or decree. The previous appeal concerned only the *validity* of the settlement agreement; the subsequent proceedings,

from which this appeal was taken, dealt with the *enforcement* of that agreement. The trial court's efforts were clearly directed at attempting to see that the terms of the settlement agreement were carried out. When the defendants appeared unwilling to carry out the 15 items detailed in the agreement, the court was justified in appointing a custodian to see that the work was completed pursuant to the parties' agreement.

The custodian concluded, in his written report, that there had been substantial compliance with the completion of the 15 items and that "if there is not full compliance, it will require only a minimal amount of cost to bring the property into full compliance." Because the custodian was acting under a court appointment and had no personal interest in the matter, the trial judge was justified in accepting the custodian's opinion concerning the extent of the work that had been completed.

The plaintiffs argue a finding of substantial compliance is proper only when the deviations from full performance are "trivial or unimportant." They further contend the unfinished items and the missing certificate are neither trivial nor unimportant.

■ Legal principles pertaining to equitable relief are flexible. (*Curtis v. Williams* (1890), 35 Ill. App. 518.) The trial court's finding that the work required by defendants under the agreement had been substantially completed served the same purpose as the certificate itself, and we cannot say that the court's "waiver" of the certificate impinged upon the plaintiffs' rights under the contract.

■ As the plaintiffs point out, even where the doctrine of substantial performance is invoked, the other party must be allowed to recover the costs of remedying the unfinished portions. (*Mayer Paving & Asphalt Co. v. Carl A. Morse, Inc.* (1977), 48 Ill. App. 3d 73, 365 N.E.2d 360.) Because the custodian and the court concluded there had been only substantial, rather than full compliance with the agreement, we remand the case to the trial court to determine the amount of compensation due the plaintiffs for the unfinished work. On remand, the court should also amend the order which we here affirm, to reflect the passage of time that has occurred since the date of its entry.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed and remanded.

Affirmed and remanded.

JOHNSON and ROMITI, JJ., concur.