**R. F. CARLE COMPANY, a California Corporation, Plaintiff–Appellant,**

v.

**BIOLOGICAL SCIENCES CURRICULUM STUDY CO., a Colorado Non–Profit Corporation, Defendant–Appellee.**

No. 79CA0594.

Colorado Court of Appeals, Div. I.

Aug. 14, 1980.

---

John D. Watson, P. C., Westminster, for plaintiff–appellant.

Dietze & Davis, Peter C. Dietze, Gary D. Berg, Boulder, for defendant–appellee.

KIRSHBAUM, Judge.

Plaintiff initiated this action to recover a lost investment, lost profits, and loss of future business as damages allegedly incurred as the result of defendant's breach of contract. Defendant counterclaimed, alleging breach of contract and material misrepresentation on the part of plaintiff. At the conclusion of a trial to the court, all claims and counterclaims were dismissed. Only plaintiff appeals, and we affirm.

Plaintiff was a manufacturer and supplier of equipment and materials used in school science classes. Defendant developed textbooks and laboratory manuals in the biological sciences for school use. In 1971, the parties entered into a contract whereby defendant designated plaintiff the "exclusive and official" supplier of equipment and supplies used in connection with specified textbooks and manuals, and plaintiff agreed to manufacture, distribute, and sell the equipment and supplies. The contract was renewed in 1973.

The contracts provided in pertinent part that defendant was to announce its endorsement of plaintiff "through its newsletter (either in article form or in advertising) and through all of defendant's regular advertising media"; that defendant would announce that plaintiff was the official, exclusive equipment supplier in textbooks covered by the agreement; that defendant would also "announce and advertise" this fact at conferences and other forums to which it sent representatives; and that defendant would supply plaintiff with lists of equipment and supplies required for use with defendant's published materials six months prior to their having to be made available for purchase.

The trial court found that in a 1971 newsletter defendant announced in great detail that plaintiff was its official authorized supplier, that repeated endorsements in the newsletter were not required by the contract, and that there was no evidence that defendant used other regular advertising media. It also found that the announcement, together with plaintiff's advertisements using defendant's logo, were "sufficient to reach virtually every biology teacher utilizing [defendant's] textbooks within the United States."

The trial court found that defendant did not comply fully with the requirement respecting textbook announcements, in that two of three textbook reprintings did not clearly endorse plaintiff as defendant's exclusive agent. It also found that contract provisions relating to plaintiff's opportunity for prepublication review and defendant's obligations to furnish equipment lists were partially performed. The trial court concluded that there was no evidence to support plaintiff's allegation that defendant failed to announce plaintiff's agency relationship at meetings and conventions.

The trial court concluded that both parties substantially performed their obligations under the contract; that the plaintiff's evidence of estimated sales projections made at the time the original contract was signed was not sufficient to establish lost profits or loss of business; and that, with the exception of defendant's failure to provide equipment lists, neither party established a causal relationship between any alleged damages and the other party's failure to perform fully. With respect to the equipment lists, the trial court concluded that plaintiff's evidence did not establish the cost to plaintiff of compiling its own equipment lists.

Plaintiff asserts that the trial court's conclusion that defendant had substantially performed is erroneous as a matter of law. We disagree.

■ The general principles applicable to a determination of what constitutes substantial performance were stated in *Newcomb v. Schaeffler*, 131 Colo. 56, 279 P.2d 409 (1955):

"Substantial compliance with reference to contracts, means that although the conditions of the contract have been deviated from in trifling particulars not materially detracting from the benefit the other party would derive from a literal performance, he has received substantially the benefit he expected, and is, therefore, bound to pay."

*Accord Reynolds v. Armstead*, 166 Colo. 372, 443 P.2d 990 (1968). Although most often invoked in connection with building contracts, the doctrine of substantial compliance may be applicable to other types of contracts. *See Morris v. Hokosona*, 26 Colo. App. 251, 143 P. 826 (1914); 3A *A. Corbin, Contracts* § 701. Applying those principles here, we perceive no error in the trial court's conclusion that defendant substantially performed its obligations. Its find-

ings that defendant's performance effectively reached the audience it was intended to reach and conferred on plaintiff the benefit plaintiff could reasonably have expected from the contract are supported by the evidence and thus are binding on review. *Newcomb v. Schaeffler, supra.*

Plaintiff's further contention that the trial court erred in not awarding its damages is likewise without merit. Since defendant substantially performed, plaintiff's recovery is limited to the expenditures required to complete the performance for which it bargained. *See Little Thompson Water Ass'n v. Strawn*, 171 Colo. 295, 466 P.2d 915 (1970); *Fenner & Shea Construction Co. v. Wadkins*, 32 Colo.App. 364, 511 P.2d 924 (1973). The only item of damages which the trial court found to be causally related to defendant's incomplete performance was the cost to plaintiff of completing the equipment lists furnished by defendant. Since Plaintiff provided no evidence from which the court could determine this cost, there was no error in not awarding damages therefor. *See Morris v. Hokosona, supra.*

Moreover, contrary to plaintiff's contention, the denial of damages for lost profits was not based solely on the ground that plaintiff's evidence was too speculative. The trial court also concluded that plaintiff did not establish that the defects in defendant's performance caused the claimed loss of profits. *See Colorado National Bank v. Ashcraft*, 83 Colo. 136, 263 P. 23 (1928). The existence or nonexistence of a causal relationship is a determination for the trier of fact, *see Westesen v. Olathe State Bank*, 75 Colo. 340, 225 P. 837 (1924), which may not be disturbed on review when, as here, there is evidence to support it. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979); *Newcomb v. Schaeffler, supra.*

Judgment affirmed.

COYTE and VAN CISE, JJ., concur.