**OLSON PLUMBING & HEATING, INC.,**
**Plaintiff-Appellee,**

v.

**DOUGLAS JARDINE, INC.,**
**Defendant-Appellant.**

**No. 80CA0114.**

Colorado Court of Appeals,
Div. III.

March 19, 1981.

Gibson, Gerdes, Palmer & Olson, William A. Palmer, Colorado Springs, for plaintiff-appellee.

Rector, Retherford, Mullen & Johnson, Anthony A. Johnson, Colorado Springs, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant appeals from the trial court's judgment awarding plaintiff $10,402.32 for defendant's breach of a construction contract. We affirm.

Plaintiff and defendant, while working on a Colorado Springs construction project in November and December of 1974, entered into an oral agreement whereby defendant agreed to excavate two sewer line trenches for plaintiff and to backfill the trenches after plaintiff installed the sewer pipe. Defendant filled the trenches, which were approximately 20 feet deep, in six-foot layers (lifts) and compacted the earth after each lift. After the project was completed, the area was landscaped, and cement pavement was installed over the trenches. During the summer of 1976, the trenches settled several inches resulting in damage to the pavement. After spending $10,402.32 for repairs, plaintiff filed this action in September 1977.

At trial, plaintiff contended that defendant had agreed to fill the trenches in 12-inch lifts. An expert witness testified that the damage was caused by "stratification of compaction," the addition of water which caused the lower density layers of soil to settle, and by "heaving," which occurs when water enters the soil causing it to expand in volume. He concluded that the settlement would have been less if the trenches had been compacted in 12-inch lifts.

Defendant argues that plaintiff's action was barred by § 13–80–127, C.R.S.1973, as it then applied.[1] We disagree.

The two-year statute of limitations for actions concerning the construction of improvements to real property provided in § 13–80–127, C.R.S.1973, does not apply to claims for damage to improvements which are themselves defective. *Tamblyn v. Mickey & Fox, Inc.*, 195 Colo. 354, 578 P.2d 641 (1978); *Duncan v. Schuster-Graham Homes, Inc.*, 194 Colo. 441, 578

---

1. In 1979 the General Assembly repealed the particular statute here applicable and adopted a new statute now codified as § 13–80–127, C.R.S.1973 (1980 Cum.Supp.).

P.2d 637 (1978). Here, plaintiff's damages resulted from allegedly defective sewer trenches—the improvements constructed by defendant. Hence, the statute relied upon by defendant is inapplicable.

Defendant argues that the trial court erred in concluding that a contract existed between the parties and that this contract required defendant to fill the trenches in 12-inch lifts. The evidence, though conflicting, supports the trial court's findings; hence, they will not be disturbed on appeal. *Newcomb v. Schaeffler,* 131 Colo. 56, 279 P.2d 409 (1955).

Defendant contends that the trial court erred in finding a causal connection between defendant's conduct and any damages sustained by plaintiff. We again disagree.

A contractor is responsible for the natural, probable, and reasonably foreseeable consequences of a failure to perform his contract, including any foreseeable damages caused by natural obstacles. *See Newcomb v. Schaeffler, supra.* Here, defendant was aware at the outset that other improvements, including pavement above the trenches, would be affected by his improvement. Although water seepage and heaving also contributed to the settlement problem, these natural forces were foreseeable at the time the parties entered into their contract. Plaintiff's expert witness testified that less settlement would have occurred if 12-inch lifts rather than six-foot lifts had been utilized. The evidence supports the trial court's conclusion that plaintiff's damages were a natural and direct result of defendant's use of six-foot lifts. *See Uinta Oil Refining Co. v. Ledford,* 125 Colo. 429, 244 P.2d 881 (1952).

Defendant's final contention that the trial court erred in awarding and computing damages is also without merit.

Plaintiff's recovery was for breach of contract; a second negligence claim was denied by the trial court. Thus, contrary to defendant's argument, plaintiff's cause of action was not based on an indemnity theory, and plaintiff was not required to show that it was under a legal obligation to make repairs. Furthermore, the correct measure of damages for breach of a construction contract is a sum which will put plaintiff in as good a position as if the contract had been performed. If the defect is remedial, recovery will be based on the cost to repair the defect. *W. Jaeger, Williston on Contracts* § 1363 (3rd ed. 1968); *see Newcomb v. Schaeffler, supra. See also Summit Construction Co. v. Yeager Garden Acres, Inc.,* 28 Colo.App. 110, 470 P.2d 870 (1970). Defendant does not dispute that the cost of repair was $10,402.32. Although the contract price was $7,670.68 which plaintiff paid in full, the trial court correctly concluded that plaintiff was entitled to the cost of repair.

Judgment affirmed.

ENOCH, C. J., and BERMAN, J., concur.