Dan W. CALDWELL and Judy A. Caldwell, Plaintiffs-Appellants,

v.

Harvey L. ARMSTRONG, Betty M. Armstrong a/k/a Mae B. Armstrong, Rustic Realty, Inc., a Colorado corporation, Richard F. Jefford, and Joan Pratt, Defendants-Appellees.

No. 79CA0637.

Colorado Court of Appeals, Div. III.

Dec. 24, 1981.

As Modified on Denial of Rehearing Jan. 21, 1982.

**48**

Barash, LeHouillier & Walsh, Patric J. LeHouillier, Colorado Springs, for plaintiffs-appellants.

Gresham, Stiefler & Gentry, E. Gentry, Colorado Springs, for defendants-appellees Harvey L. Armstrong, Betty M. Armstrong, a/k/a Mae B. Armstrong and Joan Pratt.

Orville A. Kenelly, Colorado Springs, for defendants-appellees Rustic Realty, Inc., and Richard F. Jefford.

BERMAN, Judge.

In an action arising from the sale of a house, plaintiffs, Dan W. and Judy A. Caldwell, appeal the judgment of the trial court. We affirm in part and reverse in part.

We are urged to dismiss the appeal because of the Caldwells' failure to comply strictly with C.A.R. 7. This issue was not preserved for our consideration by proper motion to the trial court, C.A.R. 7, and, in any event, it is without merit.

The Caldwells entered into a contract with Harvey L. and Betty M. Armstrong, sellers, for the purchase of the Armstrongs' residence which was listed with defendant, Rustic Realty, Inc., (Rustic). The Armstrongs and Joan Pratt, listing agent for the Armstrongs and agent for Rustic, did not make an appearance here. The trial court dismissed the complaint against Richard F. Jefford, broker for Rustic.

After the closing, while they were in the process of moving into the house, the Caldwells were informed by a Manitou Springs Housing Inspector that during a previous inspection of the house he had found violations of the Manitou Springs Housing Code which rendered the house unfit for human habitation. Evidence at the trial established conclusively that Mr. Armstrong had removed the placard put up by the Inspector, albeit with his permission, thereby failing to give notice to the Caldwells that the house was uninhabitable.

On the same day that the Caldwells learned of the condition of the house, they and their realty agent met with representatives of Rustic. At that time Rustic offered to the Caldwells the option of rescinding the contract. However, the Caldwells, desiring to keep the house, entered into an agreement with Rustic that the house would be brought up to the Manitou Springs Housing Code standards. The Caldwells also testified that as one condition of the agreement they were to be "made happy."

At the conclusion of a trial to the court, the trial court found that the Caldwells had established a case of fraud against the Armstrongs, but that a case of fraud had not been established against Rustic and Joan Pratt. The trial court further found that an accord and satisfaction had been reached between the Caldwells and the Armstrongs and that Rustic was a party to this accord.

The trial court determined that the accord consisted of bringing the house up to housing code standards and by this agreement the underlying fraud had been extinguished by the accord and satisfaction. The trial court acknowledged in its findings of fact that the Caldwells had produced testimony that the requirement that they be "made happy" was part of the agreement and that this evidence was not completely refuted by Rustic. However, it did not conclude that this term was a condition of the agreement.

In its conclusions of law, the court stated that the explicit agreement of bringing the house up to the code had been met. However, it found that: "There was, within the agreement, an implied warranty that the work would be done in a reasonable and workmanlike manner." The court determined that this condition of the agreement had not been met. As a result, it awarded plaintiffs $600 damages, but applying the theory of laches, it reduced this award by one-half.

### I.

The Caldwells first contend that the court erred when it applied the doctrine of substantial performance to the satisfaction of the accord. We disagree.

■ The general rule is that the underlying duty or debt is not discharged until there is satisfaction on the accord. That is, the accord is executory. *Hinkle v. Basic Chemical Corp.*, 163 Colo. 408, 431 P.2d 14 (1967); *Heath v. Vaughn*, 11 Colo.App. 384, 53 P. 229 (1898); *Restatement (Second) of Contracts* § 281 (1979). However, an accord agreement can be substituted for the original demand, and, once that substitution is made, the remedy for breach lies in the new agreement. *Trinidad v. Trinidad Water Works Co.*, 67 Colo. 344, 184 P. 368 (1919); *Wheeler v. Rabe*, 40 Colo.App. 232, 574 P.2d 878 (1977), *rev'd on other grounds*, 198 Colo. 311, 599 P.2d 902 (1979); *see also West v. Wegeforth*, 79 Colo. 444, 246 P. 204 (1926); *A. Corbin, Contracts* § 1276 (1963); *Cf. Tabor Mines & Mill Co. v. Newell*, 18 Colo.App. 520, 72 P. 804 (1903). The critical question in such instances is whether there was sufficient evidence to show an intent to accept the accord agreement as a discharge of the first. *Hinkle, supra; Wheeler, supra; Hannah v. James A. Ryder Corp.*, 380 So.2d 507 (Fla.App.1980); *S. Williston, Contracts* § 1855 (W. Jaeger 3rd ed. 1961).

■ Whether the requisite intent existed is a question of fact to be determined by the trier of fact. *McKinney v. Lynch*, Colo. App., 619 P.2d 78 (1980); *see also Jump v. Boardman*, 169 Colo. 274, 455 P.2d 206 (1969). We have reviewed the record and find ample competent evidence in support of the trial court's finding that the parties here intended the substitution. Hence, we may not substitute our own judgment for that of the trier of fact. *Linley v. Hanson*, 173 Colo. 239, 477 P.2d 453 (1970).

■ Once it is established that there is a valid accord and satisfaction, it is governed by the same rules as applied to other contracts. *Hanson v. McCann*, 20 Colo.App. 43, 76 P. 983 (1904). Here, the court determined that the Caldwells had received the substantial benefit they expected. *See Newcomb v. Schaeffler*, 131 Colo. 56, 279 P.2d 409 (1955); *R. F. Carle Co. v. Biological Sciences Curriculum Study Co.*, Colo. App., 616 P.2d 989 (1980); *Tuskagee v. National Homes Construction Corp.*, 450 F.Supp. 714 (1978), *aff'd*, 624 F.2d 1101 (6th Cir. 1980). The court then correctly ascertained damages. *See Fenner & Shea Construction Co. v. Wadkins*, 32 Colo.App. 364, 511 P.2d 924 (1973); *Kalman v. Bertacchi*, 80 Ill.App.3d 530, 36 Ill.Dec. 87, 400 N.E.2d 507 (1980) (substantial performance applied to settlement agreement).

The Caldwells assert that the trial court erred when it did not find as a condition of the accord that they be "made happy." We disagree.

■■ Here, the accord and satisfaction comprised an oral contract. Its terms and conditions were to be ascertained by the court. *Bullock v. Lewis*, 22 Colo.App. 449, 125 P. 849 (1912). There was competent evidence upon which the court could conclude that the requirement that plaintiffs be "made happy" would warrant consideration only when construed to mean performance was to be to the satisfaction of the plaintiffs.

With some limited exceptions, when a contract is to be completed to the satisfaction of another party, the court determines, as a matter of law, what constitutes satisfaction, applying a reasonable person test. *McCartney v. Badovinac*, 62 Colo. 76, 160 P. 190 (1916). Here, the court obviously inferred that the Caldwells would be "made happy" when their newly purchased house

**50**

was made habitable in a workmanlike manner and then, through the awarding of damages, it proceeded to make sure the Caldwells derived the benefit of their bargain. The record discloses ample evidence to show this was the essence of the bargain.

## II.

 Also cited as error by the Caldwells is the trial court's ruling that Rustic and its agent had not committed fraud. Fraud must be shown by a preponderance of the evidence. Section 13–25–127, C.R.S. 1973; *Goodfellow v. Kattnig*, 533 P.2d 58 (Colo. App.1975) (not selected for official publication). Here, the testimony supports the conclusion that neither Rustic nor its agent were aware that the house had been found to be uninhabitable and, hence, had not misrepresented it to the Caldwells. Since the court's determination was based on sufficient evidence, we may not overturn it. *Linley, supra.*

## III.

The Caldwells finally contend that the trial court erred when it applied laches to diminish its award. We agree.

When a legal right is involved, as here, the statute of limitations is applicable, not the equitable defense of laches. *Calvat v. Juhan*, 119 Colo. 561, 206 P.2d 600 (1949); *Beathune v. Cain*, 30 Colo.App. 321, 494 P.2d 603 (1971). In addition, laches "operates, when found, as a bar to the action, not as an element to diminish the award." *Rhoads v. Albertson's, Inc.*, 40 Colo.App. 198, 574 P.2d 114 (1977), *rev'd on other grounds*, 196 Colo. 159, 582 P.2d 1049 (1978).

Rustic contends there was plain error in that the trial court did not find that the action against Mr. Jefford was frivolous, groundless, or both. This contention is not buttressed by any authority, and we find it to be without merit.

The judgment against Rustic Realty, Inc., and Harvey L. Armstrong and Betty M. Armstrong, jointly and severally, in the amount of $625 is affirmed.

The judgment against Rustic Realty, Inc., only in the sum of $300 is reversed. The cause is remanded to the trial court with direction to enter judgment for $600 only against Rustic Realty, Inc., plus interest on the $600 from the date of the original judgment, to wit, May 4, 1979. Pursuant to C.A.R. 39(a), the parties are to bear their own costs on this appeal.

ENOCH, C.J., and KIRSHBAUM, J., concur.