TYNAN VOLKSWAGEN, INC., Edward Tynan, Michael Tynan, Dennis Tynan, and George Dreman, Plaintiffs–Appellants,

v.

N. DONALD AND COMPANY, INC., Defendant–Appellee.

No. 84CA1309.

Colorado Court of Appeals, Div. I.

April 7, 1988.

Rehearing Denied May 5, 1988.

Law and Knous, P.C., Merle R. Knous, Denver, for plaintiffs-appellants.

Steve A. Miller, P.C., Steve A. Miller, Gilbert R. Egle, Denver, for defendant-appellee.

PIERCE, Judge.

Plaintiffs, Edward Tynan, Michael Tynan, Dennis Tynan, and George Dreman, d/b/a Tynan Volkswagen Inc. (Tynan), appeal the trial court judgment which dismissed their complaint against defendant, N. Donald & Co., Inc. (Donald). We affirm.

This controversy arises from the sale of stock pursuant to a private placement offering. In 1980, Donald and another securities firm began an attempt to underwrite a public offering on behalf of Renewable, Inc. The private placement offering was prepared and plans began for attracting investors.

In early 1981, plaintiffs were approached by representatives of Donald concerning their possible interest in investing in Renewable. After listening to a presentation and reviewing the private placement memorandum, plaintiffs decided to make an investment. It was at this time that alleged false and misleading misrepresentations were made.

On February 2, 1981, plaintiffs tendered payment of $37,500 to Donald to secure their investment. However, no public offering took place as contemplated, and offers of rescission were made to investors. On June 16, 1981, an offer of rescission was made to plaintiffs. This offer was accepted by plaintiffs on July 17, 1981, and a promissory note was tendered for the full amount of plaintiffs' investment.

Plaintiffs then brought this action alleging violation of the Colorado Securities Act, § 11–51–125, C.R.S., and several other claims which were eventually disposed of prior to trial. At trial, the court found that by virtue of having accepted the note, plaintiffs could not sue under the statute.

Plaintiffs contend that the trial court erred in dismissing the complaint. We disagree.

Section 11–51–125(5), C.R.S., in effect at the time, provided that:

> "No person may sue under this section if the buyer received a written offer, before suit and at a time when he owned the security, to refund the consideration paid together with interest at six percent per year from date of payment, less the amount of any income received on the security, and he failed to accept the offer within thirty days of its receipt, or if the buyer received such an offer before suit and at a time when he did not own the security, unless he rejects the offer in writing within thirty days of its receipt."

Here, plaintiffs received and accepted a promissory note as a refund of the consideration. Consequently, they are precluded from bringing an action under § 11–51–125, C.R.S., and therefore, their remedy, if any, lies in an action to recover on the promissory note. *See Caldwell v. Armstrong,* 642 P.2d 47 (Colo.App.1981).

Judgment affirmed.

CRISWELL and HUME, JJ., concur.